IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GOOGLE, LLC,<br>　　　　Plaintiff(s),<br>　v.<br>BP FUNDING TRUST,<br>　　　　Defendant(s). | C.A. No. 21-440-MN |
| GOOGLE, LLC,<br>　　　　Plaintiff(s),<br>　v.<br>TERRIER SSC, LLC<br>　　　　Defendants(s). | C.A. No. 21-419-MN |

## OMNIBUS[1] MOTION TO TRANSFER PURSUANT TO RULE 45(f)

Pursuant to Federal Rule of Civil Procedure 45(f), respondents BP Funding Trust ("BP Funding") and Terrier SSC, LLC ("Terrier") (collectively, "Respondents"), as well as WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU"), move to transfer the above-captioned ancillary actions ("Ancillary Actions") to the Western District of Texas ("WDTX").

## INTRODUCTION

Google's motions to compel should be transferred to the WDTX because nonparties BP Funding and Terrier *consent* to transfer, making it unnecessary to consider other factors. Further,

---

[1] This same opposition is being filed concurrently in both of the captioned miscellaneous proceedings.

1

judicial economy heavily favors transfer because the WDTX has already ruled on—and denied—requests to obtain the *same* information from WSOU that Google now asks this Court to compel from Respondents. Further, a motion for protective order involving the information now sought by Google from Respondents is currently pending in the WDTX. A decision by this Court to compel production would inevitably conflict with rulings the WDTX has *already* made. Google knows that the information it seeks has been denied by the WDTX. Thus, the Ancillary Actions are nothing more than an attempted end-run around a prior unfavorable ruling in the WDTX. Moreover, Google requested that its motions be expedited because fact discovery in the underlying litigation is set to close on October 22, 2021. But as explained below, there is no rush for this Court to make rulings on Google's motions that could conflict with the rulings made by the WDTX.

## BACKGROUND

**1. Google is seeking the same information the WDTX has refused to compel.**

The Ancillary Actions involve motions to compel Respondents to comply with subpoenas issued by the WDTX for use in ten separate cases captioned *WSOU Investments, LLC d/b/a Brazos Licensing and Development v. Google LLC*, Case Nos. 6:20-cv-571-ADA, 6:20-cv-572, 6:20-cv-573, 6:20-cv-575, 6:20-cv-576, 6:20-cv-579, 6:20-cv-580, 6:20-cv-583, 6:20-cv-584, and 6:20-cv-585 (the "WSOU v. Google Litigations"), each of which is pending before Judge Albright in the United States District Court for the WDTX, Waco Division. Respondents are not parties to the WSOU v. Google Litigation.

On or about May 16, 2019, WSOU and BP Funding executed a Patent Security Agreement (the "Security Agreement"). The Security Agreement was publicly recorded with the United States Patent and Trademark Office on May 20, 2019, at Reel 049235, Frames 0068-0185. BP Funding later assigned its security interest to Terrier. Later, Terrier released its interests under the Security Agreement and publicly recorded that a Release of Security Interest in Patents dated May 28, 2021.

The Security Agreement is publicly recorded and was secured by a patent portfolio that includes the patents asserted in the WSOU v. Google Litigations and other litigations also pending in the WDTX before Judge Albright, including litigations between WSOU and Microsoft Corporation (the "WSOU v. Microsoft Litigations")[2] and WSOU and Dell (the "WSOU v. Dell Litigations").[3] The WSOU v. Google Litigations, WSOU v. Microsoft Litigations, and WSOU v. Dell Litigations are collectively referred to herein as the "Texas Litigations." Microsoft recently disclosed that it has communicated with Dell and Google concerning the WSOU v. Microsoft Litigations and that it considers those communications to be protected by a joint defense privilege.

Google is not the first or only defendant to demand documents and testimony concerning the Security Agreement for use in the Texas Litigations. Dell and Microsoft have also sought the same information for use in the Texas Litigations. During a sealed hearing on September 7, 2021, Microsoft asked the WDTX to compel WSOU to produce non-public documents relating to the Security Agreement. Richins Decl. ¶ 3. Like Google, Microsoft argued it needed information about the underlying loan documents to determine if the Security Agreement could have impacted WSOU's standing to bring the Texas Litigations. *Id.* WSOU pointed out that information relating to the Security Agreement is not relevant to a claim or defense in the case, as the operative document—the publicly recorded security agreement—has already been produced. *See Eidos Display, LLC v. AU Optronics Corp.*, 6:11-cv-00201-JRG-JDL, 2016 WL 6680578, at *5 (E.D. Tex. Nov. 14, 2016) (holding that a security interest in a patent does not present a "typical joinder issue" and does not create ownership rights in the patent). The WDTX agreed and denied

---

[2] The WSOU v. Microsoft Litigations are captioned *WSOU Investments LLC vs. Microsoft Corporation*, Civil Action Nos. 6:20-cv-454-ADA thru 465.

[3] The WSOU v. Dell Litigations are captioned *WSOU Investments LLC vs. Dell Technologies Inc. et. al*, Civil Action Nos. 6:20-cv-00473-ADA thru 486.

Microsoft's request. At the same hearing on September 7, 2021, the WDTX also denied Microsoft's motion to compel WSOU to produce negotiations between WSOU and Nokia. *Id.* Google now asks this Court to compel Respondents—the lender and the assignee of the lender—to produce the same information. *See* D. Del. No. 21-440, (D.I. 1, Ex. 1 at 12 (demanding that BP Funding and Terrier produce documents "concerning any contemplated acquisition of patents or rights in patents from Nokia.")). D. Del. No. 21-419, (D.I. 1, Ex. 1 (same)).

Microsoft renewed its request to compel WSOU to produce information relating to the Security Agreement. During a sealed hearing on October 7, 2021, the WDTX *again* denied Microsoft's request. Richins Decl. ¶ 5. The agreed proposed order submitted by Microsoft and WSOU for the October 7 hearing—submitted to the WDTX on October 14, 2021—states in relevant part: "Microsoft's request to compel WSOU to produce the underlying Loan Agreement and full Security Agreement for . . . BP Funding Trust . . . is DENIED." *Id*.

Before filing its motions to compel against Respondents, Google demanded that WSOU produce the underlying loan documents relating to the Security Agreement. Richins Decl. ¶ 4. In a letter dated September 15, 2021, WSOU informed Google that the WDTX had denied Microsoft's requests to compel the same information from WSOU. *Id.* In the letter, WSOU notified Google of the WDTX's rulings concerning the *same* information sought by Microsoft and objected to Google's request as overly broad and out of proportion to the needs of the case. *Id*.

Google has not moved to compel WSOU to produce information concerning the Security Agreement. *Id.* ¶ 3. Instead, three weeks after WSOU informed Google of the WDTX's ruling in the WSOU v. Microsoft Litigations, Google filed its motion to compel against Terrier.

4

**2. A motion for protective order on Google's subpoenas is pending in the WDTX.**

On October 20, 2021, WSOU filed a motion for protective order in the WDTX, asking the court in the underlying Texas Litigations to order Google to withdraw its subpoenas against Respondents.[4] As explained in that motion, there is good cause for the WDTX to enter an order protecting not only Respondents, but also WSOU, which has an interest in the information sought by Google.

**3. Status of discovery in the WSOU v. Google Litigations.**

Google asked this Court to consider its motions on an expedited basis because fact discovery in the WSOU v. Google Litigations is currently set to close on October 22, 2021. However, WSOU and Google are currently discussing an extension of fact discovery. Richins Decl. ¶ 7. Further, fact discovery between the parties is ongoing. In fact, Google has not yet even deposed WSOU. *Id.* Google was scheduled to depose a WSOU witness on October 19, 2021. *Id.* The day before, however, Google unilaterally cancelled the deposition. *Id.* Further, Google is discussing discovery with third parties beyond the current October 22 fact discovery deadline. On October 19, for example, a third party wrote to Google in response to a subpoena seeking source code for use in the WSOU v. Google Litigations. That third party informed Google that it could host the source code review between November 2-19. *Id.*

## ARGUMENT AND AUTHORITIES

**A. BP Funding and Terrier consent to, and indeed request, transfer.**

Federal Rule of Civil Procedure 45 allows a court to transfer a motion "to the issuing court if the person subject to the subpoena consents" or if there are "exceptional circumstances." *See*

---

[4] A copy of WSOU's motion for protective order is being filed with this Court today as an exhibit to Respondent's Omnibus Opposition to Google's Motions to Compel.

5

Fed. R. Civ. P. 45. Here, Respondents not only consent to transfer, but request transfer to the WDTX. As explained by the Advisory Committee Notes (and is evident from the Federal Rules), the purpose in requiring a motion to compel a subpoena in the court where enforcement is sought is to protect local nonparties who are served with a subpoena. *See In re Bestwall LLC*, 17-BK-31795 (LTB), 2021 WL 2209884, at *5 (D. Del. June 1, 2021) (citing the Advisory Committee notes and recognizing "the Court's primary consideration is to avoid burdens on local nonparties subject to subpoenas."). Keeping these Ancillary Actions in this Court over Respondents' requests for transfer to the WDTX would run contrary to the primary consideration before this Court.

### B. Factors that courts consider in the *absence* of consent by the person subpoenaed strongly favor transfer.

Further, while it is unnecessary to show extraordinary circumstances here, factors that courts consider in determining whether such circumstances exist also favor transfer. For example, judicial economy heavily favors transfer. In the Texas Litigations, the WDTX has already ruled on *and denied* requests to compel the *same* information Google now seeks to compel from Respondents. Richins Decl. ¶¶ 3-5. Under similar circumstances, this Court granted a motion to transfer even though the subpoenaed party did not consent. *N. Atl. Operating Co., Inc. v. Dunhuang Group*, C.A. No. 18-154-LPS, 2018 WL 3381300, at *2 (D. Del. July 11, 2018) (finding transfer was appropriate because the issuing court had already decided whether the subpoena should be enforced and was therefore better suited to resolve the dispute). Further, a motion for protective order filed by WSOU, asking for an order compelling Google to withdraw its subpoenas against BP Funding and Terrier, is currently pending in the WDTX. Any decision on Google's motions to compel by this Court would risk conflicting not only with decisions in the WSOU v. Google Litigations, but also in all the Texas Litigations where defendants have sought information about the Security Agreement. Here, as in *Dunhuang Group*, "allowing the issuing court to resolve

enforcement of the subpoena would promote judicial economy and avoid the risk of inconsistent rulings." *See id.*

Google will not be prejudiced by pursing its motion to compel in the WDTX. Google is already defending against the underlying litigation there. Litigating this discovery dispute in Delaware adds an additional burden on Google. Further, there is no need to resolve this dispute on an expedited basis in this Court given the parties' ongoing discussions to extend fact discovery. Indeed, Google recently unilaterally cancelled a deposition of WSOU. There is no great rush for Google to depose Respondents—which are third parties—when Google has yet to depose the plaintiff WSOU in the underlying litigation.

In the unlikely event that fact discovery is not extended in the WSOU v. Google Litigations, this Court's adjudication of the merits of Google's motions to compel would risk not only conflicting with the WDTX's substantive rulings regarding the relevance of the information Google seeks, but also would risk disrupting the WDTX's scheduling order and control of its own docket. This Court should not permit Google to make such an end-run around the WDTX.

## CONCLUSION

For the foregoing reasons, the above-captioned Ancillary Actions should be transferred to the WDTX.

Date: October 21, 2021

Of Counsel:
Morgan E. Pietz
Pietz & Shahriari, LLP
9454 Wilshire Blvd., Suite 310
Beverly Hills, CA 90212

Robert M. Millimet
Stanton, LLP
1717 Main Street, Suite 3800
Dallas, TX 75201

 /s/ Sean J. Bellew
Sean J. Bellew (#4072)
Bellew LLC
2961 Centerville Road, Suite 302
Wilmington, Delaware 19808
Telephone: (302) 353-4951
sjbellew@bellewllc.com


*Attorneys for BP Funding Trust and Terrier SSC, LLC*


/s/ David A. Felice
David A. Felice (#4090)
Bailey & Glasser, LLP
Red Clay Center at Little Falls
2961 Centerville Road, Suite 302
Wilmington, Delaware 19808
Telephone: (302) 504-6333
dfelice@baileyglasser.com

 *Attorneys for WSOU Investments, LLC d/b/a Brazos Licensing and Development*

### D. Del. LR 7.1.1 Statement

The parties conferred on by phone and email. Google is opposed to this motion.

 /s/ David A. Felice
David A. Felice (#4090)