# EXHIBIT B

**Morgan Pietz**

| | |
|---|---|
| **From:** | Morgan Pietz |
| **Sent:** | Tuesday, October 19, 2021 6:30 PM |
| **To:** | jen@warrenlex.com; nathan@etheridgelaw.com; jim@etheridgelaw.com; jhuang@etheridgelaw.com; Travis Richins; Elise Freeland; jblumenfeld@morrisnichols.com; began@morrisnichols.com |
| **Cc:** | Sean Bellew; Jason E. Kittinger; Admin; Rob Millimet |
| **Subject:** | Google Subpoenas to BP Funding Trust and Terrier SSC, LLC -  Service of Objections - Notice of Intent to Oppose Motions to Compel and Move to Transfer per FRCP 45(f) |
| **Attachments:** | 2021.10.19 - BP Funding Trust - Objection to Subpoena to produce documents.pdf; 2021.10.19 - BP Funding Trust - Objection to Subpoena to Testify.pdf; 2021.10.19 - Terrier SSC - Objection to Subpoena to Testify.pdf; 2021.10.19 - Terrier SSC, LLC - Objection to Subpoena to produce documents.pdf; 2021.10.19 - Notice of Service.pdf |

Counsel,

My office has recently been engaged by the two above-referenced entities in connection with the subpoenas sent to them by Google, which were issued out of the Western District of Texas.  Please find attached my clients' written objections to the four subpoenas to them.

Please be further advised that my clients will be opposing the two motions to compel targeting them in Delaware, and will also be joining with the underlying plaintiff, WOSU, in a motion to be filed in the Delaware proceedings (concurrently with our opposition), asking that the two pending motions to compel concerning my clients be transferred to the issuing court in the Western District of Texas pursuant to Fed. R. Civ. P. 45(f).  Please advise if Google will consent to the transfer of the subpoena-related motions pending in the District of Delaware.  I am available tomorrow (Wednesday) morning to meet and confer on the transfer motion prior to 2:00 p.m. Pacific.  Please let me know if there is a good time in that window to talk.

With respect to anything to BP Funding and Terrier, please copy the people in the CC line of this email.  And if there is anyone else that either Google or WSOU want copied as regards this matter, please reply all and add them.

Thanks much.

Best regards,
Morgan

Morgan E. Pietz
PIETZ & SHAHRIARI, LLP
9454 Wilshire Blvd., Ste. 310
Beverly Hills, CA 90212
morgan@pstrials.com
(310) 424-5557

*This transmission is from a law firm and may contain information that is privileged, confidential, and protected by the attorney-client or attorney work product privileges.  If you are not the addressee, note that any disclosure, copying, distribution or use of the contents of this message is prohibited.  If you have received this transmission in error, please destroy it and notify us immediately at the telephone number above.*

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GOOGLE LLC,

        Plaintiff(s),

     v.

BP FUNDING TRUST,

        Defendant(s).

C.A. No. 21-MC-440-UNA

## OBJECTION TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN CIVIL ACTION

TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT non-party witness BP Funding Trust ("Responding Party"), pursuant to Fed. R. Civ. P. 45(d)(B), hereby objects to the subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action as follows:

## GENERAL OBJECTIONS

Responding Party makes the following General Objections to the Subpoena to Produce Documents, Information, or Objects or To Permit Inspection of Premises in a Civil Action, Request Nos. 1-27.  These General Objections are incorporated into the specific objections to each Request. The assertion of the same

or additional objections to any individual Request does not waive other General Objections that are not repeated in the specific objections. The objections and responses set forth below are based on information currently available to Responding Party:

1.  Responding Party objects to each and every Request to the extent that it seeks information protected by the attorney-client privilege, attorney work product doctrine, joint defense agreement and/or taxpayer/tax return privilege.

2.  Responding Party further objects to each request to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.

3.  Responding Party objects to each request to the extent that it seeks production of documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.  Responding Party objects to each request to the extent that the information sought can be obtained through party discovery or other sources

without the need to seek documents from non-party witness Responding Party. Google LLC ("Propounding Party") failed to take reasonable steps to avoid imposing undue burden or expense on Responding Party in violation of Federal Rules of Civil Procedure, Rule 45(d)(1).

5. Responding Party objects to each of Propounding Party's definitions as overbroad, oppressive, unduly burdensome, unnecessarily expensive, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits. Responding Party further objects to the extent that any definition attempts to impose any obligations upon Responding Party greater than those authorized by the Federal Rules of Civil Procedure, Local Rules, or any other applicable law, and also as, vague, ambiguous, unclear, or unintelligible.

6. Nothing herein is intended to waive the following objections, which are expressly reserved: All objections as to competency, relevancy, materiality and admissibility of the subject matter of the discovery requests; all objections as to vagueness, ambiguity, or undue burden; all objections on any ground as to the use of any information provided in response to these discovery requests; and all objections on any ground to any request for further responses to these or other

discovery requests.

7.   Responding Party does not waive any right to make and preserves any objections to the questions asked at deposition or to instruct a witness not to answer any question.

8.   Responding Party objects to the definition of "Responding Party Trust" to include the various different entities referenced in the definition.  The only appropriate entity for anything related to WSOU is "Responding Party Trust, Series SPL-VI."

9.   Responding Party objects to Definition 4 which seeks to define various different entities in an overbroad fashion.  Specifically, Responding Party objects to the part of the definition extends to include "Basepoint Administrative LLC and BP Funding Trust, a Delaware statutory trust; BP Funding Trust, Series SPL-VI, a statutory series of BP Funding Trust; and their trustees, managers, agents, representatives, employees, attorneys, or entities acting in conjunction, joint venture, or partnership with any of them including but not limited to Basepoint Capital LLC, Basepoint Tax Funding Trust, Venture 4th Basepoint 1, LLC, Basepoint Administrative LLC, Basepoint Asset Recovery LLC, or any other "Basepoint" entity or related entity thereto."

10.     Responding Party objects to Definitions 5 through 15, and 17, all of which seek to define various different entities in an overbroad fashion.  Specifically, Responding Party objects to the part of the definition extends to include "any other persons acting on behalf of any of the foregoing, and any other entities that own or control or are owned or controlled by or share common ownership or control with any of the foregoing, as well as predecessors and successors in interest to such entities" for each entity, and to the part of the definition that extends to "affiliates" of the entity, a term which is itself defined in overbroad fashion at number 17.

11.  Responding Party objects to Definition 16 ("asserted patents") as vague and overbroad, to the extent that it includes asserted patents beyond the particular patents specifically referenced.

12.  Responding Party objects to Definitions 18  ("related application"), 19 ("related patent"),  21 ("accused product"), and 22 ("asserted claim") as vague and overbroad.

13.  Responding Party objects to Definition 33 ("Other WSOU Defendants") as vague and overbroad, to the extent that it includes defendants other than those particular defendants specifically referenced.

14.  Responding Party objects to the "Instructions" to the extent they purport to request anything of a non-party that goes beyond what is required or allowed under Federal Rule of Civil Procedure 45.

## REQUESTS AND OBJECTIONS TO INDIVIDUAL REQUESTS

## REQUEST FOR PRODUCTION NO. 1:

Documents concerning the formation of BP Funding Trust.

## RESPONSE TO REQUEST 1:

Objection.  Responding Party objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to any party's claim or defense, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 2**:

Documents concerning your relationship to NextPoint Acquisition Corp.

**RESPONSE TO REQUEST 2**:

Objection.  Responding Party objects to this request on the grounds it is vague, ambiguous and unintelligible as to the term "your relationship". Responding Party objects on the grounds this request is overly broad and unduly burdensome.  Responding Party objects further on the grounds this request is oppressive, burdensome and harassing as the documents requested can be sought from a party or other source without the need to seek them from this non-party witness.   Responding Party further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent

it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 3**:

Documents concerning your corporate structure.

**RESPONSE TO REQUEST 3**:

Objection. Responding Party objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Responding Party further objects to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges. Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 4**:

Documents concerning your investments or interests in the asserted patents, including assignment, licensing, acquisition, financial interest, security interest,

lien, sale, transfer of rights (in whole or in part) and any other disposition of or any offers to buy, sell, obtain rights to, or licenses any of the asserted patents.

**RESPONSE TO REQUEST 4**:

Objection.  Responding Party objects on the grounds this request is overly broad and unduly burdensome.  Responding Party objects further on the grounds this request is oppressive, burdensome and harassing as the documents requested can be sought from a party or other source without the need to seek them from this non-party witness.  Responding Party objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

## REQUEST FOR PRODUCTION NO. 5:

Documents concerning discussions with NextPoint Acquisition Corp.

regarding any asserted patent, a portfolio including an asserted patent, assignment

of any interest in any asserted patent or a portfolio including an asserted patent, or

the acquisition or potential acquisition of any portfolio that might have included an

asserted patent.

## RESPONSE TO REQUEST 5:

Objection.  Responding Party objects on the grounds this request is

overly broad and unduly burdensome.  Responding Party objects further on the

grounds this request is oppressive, burdensome and harassing as the documents

requested can be sought from a party or other source without the need to seek them

from this non-party witness.   Responding Party objects to this request to the extent

it seeks information protected from disclosure by the attorney-client privilege

and/or attorney work product doctrine.  Responding Party further objects to the

extent it calls for the disclosure of non-public, private, personal, confidential,

proprietary information, or trade secret information that has been maintained in

confidence and/or is legally required to be maintained in confidence, including, but

not limited to, documents that are shielded from production by statutory or

decisional law of the United States and each of its jurisdictions, statutory or

decisional law of any foreign country, the right of privacy under the United States

Constitution, and all other applicable laws or privileges.  Responding Party further

objects to the extent it seeks information that is not relevant to the relevant to any

party's claim or defense, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 6**:

      Documents concerning discussions with Terrier regarding any asserted

patent, a portfolio including an asserted patent, assignment of any interest in any

asserted patent or a portfolio including an asserted patent, or the acquisition or

potential acquisition of any portfolio that might have included an asserted patent.

**RESPONSE TO REQUEST 6**:

      Objection.  Responding Party objects on the grounds this request is

overly broad and unduly burdensome.  Responding Party objects further on the

grounds this request is oppressive, burdensome and harassing as the documents

requested can be sought from a party or other source without the need to seek them

from this non-party witness.   Responding Party objects to this request to the extent

it seeks information protected from disclosure by the attorney-client privilege

and/or attorney work product doctrine.  Responding Party further objects to the

extent it calls for the disclosure of non-public, private, personal, confidential,

proprietary information, or trade secret information that has been maintained in

confidence and/or is legally required to be maintained in confidence, including, but

not limited to, documents that are shielded from production by statutory or

decisional law of the United States and each of its jurisdictions, statutory or

decisional law of any foreign country, the right of privacy under the United States

Constitution, and all other applicable laws or privileges.  Responding Party further

objects to the extent it seeks information that is not relevant to the relevant to any

party's claim or defense, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 7**:

Agreements with Terrier concerning any potential or actual transaction

regarding any asserted patent, a portfolio including an asserted patent, or the

acquisition or potential acquisition of any portfolio that might have included an

asserted patent.

**RESPONSE TO REQUEST 7**:

Objection.  Responding Party objects on the grounds this request is

overly broad and unduly burdensome.  Responding Party objects further on the

grounds this request is oppressive, burdensome and harassing as the documents

requested can be sought from a party or other source without the need to seek them

from this non-party witness.   Responding Party objects to this request to the extent

it seeks information protected from disclosure by the attorney-client privilege

and/or attorney work product doctrine.  Responding Party further objects to the

extent it calls for the disclosure of non-public, private, personal, confidential,

proprietary information, or trade secret information that has been maintained in

confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

## REQUEST FOR PRODUCTION NO. 8:

Agreements with the named inventor(s) of any of the asserted patents, including assignment agreements, consulting agreements, employment agreements and any agreements pertaining to litigation involving the asserted patents or any related patents.

## RESPONSE TO REQUEST 8:

Objection.  Responding Party objects on the grounds this request is overly broad and unduly burdensome.  Responding Party objects further on the grounds this request is oppressive, burdensome and harassing as the documents requested can be sought from a party or other source without the need to seek them from this non-party witness.   Responding Party objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects to the

extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 9**:

Compensation, cost-sharing, or profit sharing agreements with any of the named inventor(s) of the asserted patent(s).

**RESPONSE TO REQUEST 9**:

Objection.  Responding Party objects on the grounds this request is vague, ambiguous and unintelligible as to the phrases/terms "Compensation, cost-sharing, or profit sharing agreements."  Responding Party objects further on the grounds this request is oppressive, burdensome and harassing as the documents requested can be sought from a party or other source without the need to seek them from this non-party witness.   Responding Party objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege

and/or attorney work product doctrine.  Responding Party further objects to the

extent it calls for the disclosure of non-public, private, personal, confidential,

proprietary information, or trade secret information that has been maintained in

confidence and/or is legally required to be maintained in confidence, including, but

not limited to, documents that are shielded from production by statutory or

decisional law of the United States and each of its jurisdictions, statutory or

decisional law of any foreign country, the right of privacy under the United States

Constitution, and all other applicable laws or privileges.  Responding Party further

objects to the extent it seeks information that is not relevant to the relevant to any

party's claim or defense, nor proportional to the needs of the case.

## REQUEST FOR PRODUCTION NO. 10:

Documents regarding the assignment, licensing, acquisition, financial

interest, security interest, lien, sale, transfer of rights (in whole or in part) and any

other disposition of or any offers to buy, sell, obtain rights to, or licenses any of the

asserted patents.

## RESPONSE TO REQUEST 10:

Objection.  Responding Party objects on the grounds this request is vague,

ambiguous and unintelligible as to the phrases/terms "Compensation, cost-sharing,

or profit sharing agreements."  Responding Party objects further on the grounds

this request is oppressive, burdensome and harassing as the documents requested

can be sought from a party or other source without the need to seek them from this non-party witness.   Responding Party objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 11**:

Documents concerning the nature and scope of any rights you had in the past or currently have in each of the asserted patents, related applications or related patents from the time each alleged invention was conceived through the present, including the right to control any portion of litigation, future royalties, payment for licenses, contingent rights, or payments depending on the outcome of litigation.

**RESPONSE TO REQUEST 11**:

Objection.  Responding Party objects on the grounds this request is overly broad and unduly burdensome.  Responding Party objects further on the grounds this request is oppressive, burdensome and harassing as the documents requested can be sought from a party or other source without the need to seek them from this non-party witness.   Responding Party objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 12**:

Documents regarding agreements relating to each of the asserted patents (or any portfolio including any of the asserted patents), including assurances,

covenants not to sue and understandings not to assert any of the asserted patents against potential licensees.

**RESPONSE TO REQUEST 12**:

Objection.  Responding Party objects on the grounds this request is overly broad and unduly burdensome.  Responding Party objects further on the grounds this request is oppressive, burdensome and harassing as the documents requested can be sought from a party or other source without the need to seek them from this non-party witness.   Responding Party objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

## REQUEST FOR PRODUCTION NO. 13:

Documents regarding agreements between you and WSOU, Allied Security Trust, AQUA Licensing, LLC, RPX Corporation, Fortress Credit Co., LLC, Houlihan, Orange Holdings, Wade and Company, Omega Credit Opportunities Master Fund, Terrier, Juniper Capital Partners, Coast Asset Management, or WCFT Cayman, regarding any asserted patent, a portfolio including an asserted patent, or the acquisition or potential acquisition of any portfolio that might have included an asserted patent, including any amendment, modification, supplementation, abrogation, or termination of any such agreements.

## RESPONSE TO REQUEST 13:

Objection.  Responding Party objects on the grounds this request is overly broad and unduly burdensome.  Responding Party objects further on the grounds this request is oppressive, burdensome and harassing as the documents requested can be sought from a party or other source without the need to seek them from this non-party witness.   Responding Party objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but

not limited to, documents that are shielded from production by statutory or

decisional law of the United States and each of its jurisdictions, statutory or

decisional law of any foreign country, the right of privacy under the United States

Constitution, and all other applicable laws or privileges.  Responding Party further

objects to the extent it seeks information that is not relevant to the relevant to any

party's claim or defense, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 14**:

Documents regarding agreements with Nokia or other WSOU Defendants

regarding an asserted patent or a portfolio including an asserted patent.

**RESPONSE TO REQUEST 14**:

Objection.  Responding Party objects on the grounds this request is overly

broad and unduly burdensome.  Responding Party objects further on the grounds

this request is oppressive, burdensome and harassing as the documents requested

can be sought from a party or other source without the need to seek them from this

non-party witness.   Responding Party objects to this request to the extent it seeks

information protected from disclosure by the attorney-client privilege and/or

attorney work product doctrine.  Responding Party further objects to the extent it

calls for the disclosure of non-public, private, personal, confidential, proprietary

information, or trade secret information that has been maintained in confidence

and/or is legally required to be maintained in confidence, including, but not limited

to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 15**:

Communications with Nokia, Allied Security Trust, AQUA, RPX Corporation, Fortress Credit Co., LLC, Houlihan, WSOU, Orange Holdings, Wade and Company, Omega Credit Opportunities Master Fund, Terrier, Juniper Capital Partners, Coast Asset Management, or WCFT Cayman regarding an asserted patent, a portfolio including an asserted patent, or actual or potential litigation relating to an asserted patent.

**RESPONSE TO REQUEST 15**:

Objection.  Responding Party objects on the grounds this request is overly broad and unduly burdensome.  Responding Party objects further on the grounds this request is oppressive, burdensome and harassing as the documents requested can be sought from a party or other source without the need to seek them from this non-party witness.   Responding Party objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or

attorney work product doctrine.  Responding Party further objects to the extent it

calls for the disclosure of non-public, private, personal, confidential, proprietary

information, or trade secret information that has been maintained in confidence

and/or is legally required to be maintained in confidence, including, but not limited

to, documents that are shielded from production by statutory or decisional law of

the United States and each of its jurisdictions, statutory or decisional law of any

foreign country, the right of privacy under the United States Constitution, and all

other applicable laws or privileges.  Responding Party further objects to the extent

it seeks information that is not relevant to the relevant to any party's claim or

defense, nor proportional to the needs of the case.

## REQUEST FOR PRODUCTION NO. 16:

Documents concerning communications with any of the named inventors

regarding any of the asserted patents, this litigation or Google.

## RESPONSE TO REQUEST 16:

Objection.  Responding Party objects on the grounds this request is vague,

ambiguous and unintelligible.  Responding Party further objects on the grounds

that this request overly broad and unduly burdensome.  Responding Party objects

on the grounds this request is oppressive, burdensome and harassing as the

documents requested can be sought from a party or other source without the need

to seek them from this non-party witness.   Responding Party objects to this request

to the extent it seeks information protected from disclosure by the attorney-client

privilege and/or attorney work product doctrine.  Responding Party further objects

to the extent it calls for the disclosure of non-public, private, personal, confidential,

proprietary information, or trade secret information that has been maintained in

confidence and/or is legally required to be maintained in confidence, including, but

not limited to, documents that are shielded from production by statutory or

decisional law of the United States and each of its jurisdictions, statutory or

decisional law of any foreign country, the right of privacy under the United States

Constitution, and all other applicable laws or privileges.  Responding Party further

objects to the extent it seeks information that is not relevant to the relevant to any

party's claim or defense, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 17**:

Communications with WSOU regarding the asserted patent, related patents,

this litigation or Google.

**RESPONSE TO REQUEST 17**:

Objection.  Responding Party objects on the grounds this request is vague,

ambiguous and unintelligible.  Responding Party further objects on the grounds

that this request overly broad and unduly burdensome.  Responding Party objects

on the grounds this request is oppressive, burdensome and harassing as the

documents requested can be sought from a party or other source without the need

to seek them from this non-party witness.   Responding Party objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 18**:

Documents concerning communications between you and any other entity relating to the possibility of patent litigation regarding the asserted patent and related patents, including any actual or potential patent litigation against Google and the WSOU v. Google Litigations.

**RESPONSE TO REQUEST 18**:

Objection.  Responding Party objects on the grounds this request is overly broad and unduly burdensome.  Responding Party objects further on the grounds

this request is oppressive, burdensome and harassing as the documents requested

can be sought from a party or other source without the need to seek them from this

non-party witness.   Responding Party objects to this request to the extent it seeks

information protected from disclosure by the attorney-client privilege and/or

attorney work product doctrine.  Responding Party further objects to the extent it

calls for the disclosure of non-public, private, personal, confidential, proprietary

information, or trade secret information that has been maintained in confidence

and/or is legally required to be maintained in confidence, including, but not limited

to, documents that are shielded from production by statutory or decisional law of

the United States and each of its jurisdictions, statutory or decisional law of any

foreign country, the right of privacy under the United States Constitution, and all

other applicable laws or privileges.  Responding Party further objects to the extent

it seeks information that is not relevant to the relevant to any party's claim or

defense, nor proportional to the needs of the case.

## REQUEST FOR PRODUCTION NO. 19:

Documents concerning any contemplated acquisition of patents or rights in

patents from Nokia.

## RESPONSE TO REQUEST 19:

Objection.  Responding Party objects on the grounds this request is

oppressive, burdensome and harassing as the documents requested can be sought

from a party or other source without the need to seek them from this non-party witness.   Responding Party objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

## REQUEST FOR PRODUCTION NO. 20:

Documents sufficient to show any interests (current or prior) in WSOU.

## RESPONSE TO REQUEST 20:

Objection.  Responding Party objects on the grounds this request is oppressive, burdensome and harassing as the documents requested can be sought from a party or other source without the need to seek them from this non-party witness.   Responding Party objects to this request to the extent it seeks

information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Responding Party further objects to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges. Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 21**:

Documents sufficient to show any actual, contingent, or potential (1) right to license or sublicense any asserted patent, (2) right to control the licensing of any asserted patent, or (3) right to control or be involved in the resolution of any litigation involving any asserted patent.

**RESPONSE TO REQUEST 21**:

Objection. Responding Party objects on the grounds this request is oppressive, burdensome and harassing as the documents requested can be sought from a party or other source without the need to seek them from this non-party

witness.   Responding Party objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 22**:

Documents sufficient to show your relationship with Stuart A. Shanus, Eric Schneider, Andrew Neuberger, Marc Wade, or Craig Etchegoyen, Orange Holdings, WSOU, Uniloc USA, Inc., WCFT Cayman, Omega Credit Opportunities Master Fund, Wade and Company, and Terrier, or any entity associated with the foregoing.

**RESPONSE TO ERQUEST 22**:

Objection.  Responding Party objects on the grounds this request is

28

oppressive, burdensome and harassing as the documents requested can be sought from a party or other source without the need to seek them from this non-party witness.   Responding Party objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

## REQUEST FOR PRODUCTION NO. 23

Documents concerning communications with Omega Credit Opportunities Master Fund.

## RESPONSE TO REQUEST 23:

Objection.  Responding Party objects on the grounds this request is

oppressive, burdensome and harassing as the documents requested can be sought from a party or other source without the need to seek them from this non-party witness.   Responding Party objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

## **REQUEST FOR PRODUCTION NO. 24**:

Documents concerning the "Patent Security Agreement" recorded at USPTO Reel 09235 Frame 0068, signed May 16, 2019, the circumstances of this agreement, and any related agreements.

**<u>RESPONSE TO REQUEST 24</u>**:

Objection.  Responding Party objects on the grounds this request is

oppressive, burdensome and harassing as the documents requested can be sought

from a party or other source without the need to seek them from this non-party

witness.   Responding Party objects to this request to the extent it seeks

information protected from disclosure by the attorney-client privilege and/or

attorney work product doctrine.  Responding Party further objects to the extent it

calls for the disclosure of non-public, private, personal, confidential, proprietary

information, or trade secret information that has been maintained in confidence

and/or is legally required to be maintained in confidence, including, but not limited

to, documents that are shielded from production by statutory or decisional law of

the United States and each of its jurisdictions, statutory or decisional law of any

foreign country, the right of privacy under the United States Constitution, and all

other applicable laws or privileges.  Responding Party further objects to the extent

it seeks information that is not relevant to the relevant to any party's claim or

defense, nor proportional to the needs of the case.

**<u>REQUEST FOR PRODUCTION NO. 25</u>**:

Documents concerning the value of, any valuations of or attempts to value

any asserted patent, related patent, or related application, whether individually or

in combination with any other patents or applications, including any portfolio

containing any asserted patent or related patent.

**<u>RESPONSE TO REQUEST 25</u>**:

Objection.  Responding Party objects on the grounds this request is

oppressive, burdensome and harassing as the documents requested can be sought

from a party or other source without the need to seek them from this non-party

witness.   Responding Party objects to this request to the extent it seeks

information protected from disclosure by the attorney-client privilege and/or

attorney work product doctrine.  Responding Party further objects to the extent it

calls for the disclosure of non-public, private, personal, confidential, proprietary

information, or trade secret information that has been maintained in confidence

and/or is legally required to be maintained in confidence, including, but not limited

to, documents that are shielded from production by statutory or decisional law of

the United States and each of its jurisdictions, statutory or decisional law of any

foreign country, the right of privacy under the United States Constitution, and all

other applicable laws or privileges.  Responding Party further objects to the extent

it seeks information that is not relevant to the relevant to any party's claim or

defense, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 26**:

Documents concerning any evaluation or analysis of any asserted patent, any related patent, or any related application, whether individually or in combination with any other patents or applications, including any evaluation or analysis of infringement, validity, or commercialization.

**RESPONSE TO REQUEST 26**:

Objection.  Responding Party objects on the grounds this request is overly broad and unduly burdensome.  Responding Party objects further on the grounds this request is oppressive, burdensome and harassing as the documents requested can be sought from a party or other source without the need to seek them from this non-party witness.   Responding Party objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent

it seeks information that is not relevant to the relevant to any party's claim or

defense, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 27**:

Documents produced in response to a subpoena served by any other WSOU

Defendant.

**RESPONSE TO REQUEST 27**:

Objection.  Responding Party objects on the grounds this request is overly

broad and unduly burdensome.  Responding Party objects further on the grounds

this request is oppressive, burdensome and harassing as the documents requested

can be sought from a party or other source without the need to seek them from this

non-party witness.   Responding Party objects to this request to the extent it seeks

information protected from disclosure by the attorney-client privilege and/or

attorney work product doctrine.  Responding Party further objects to the extent it

calls for the disclosure of non-public, private, personal, confidential, proprietary

information, or trade secret information that has been maintained in confidence

and/or is legally required to be maintained in confidence, including, but not limited

to, documents that are shielded from production by statutory or decisional law of

the United States and each of its jurisdictions, statutory or decisional law of any

foreign country, the right of privacy under the United States Constitution, and all

other applicable laws or privileges.  Responding Party further objects to the extent

it seeks information that is not relevant to the relevant to any party's claim or

defense, nor proportional to the needs of the case.

 Date: October 19, 2021                     _____*/s/ Morgan E. Pietz*_____
                                               Morgan E. Pietz (CA Bar #260629)*
                                               Pietz & Shahriari, LLP
                                               9454 Wilshire Blvd., Suite 310
                                               Beverly Hills, CA 90212
                                               *Counsel for BP Funding Trust*

                                               Sean J. Bellew (#4072)
                                               Bellew LLC
                                               2961 Centerville Road, Suite 302
                                               Wilmington, Delaware 19808
                                               Telephone: (302) 353-4951
                                               sjbellew@bellewllc.com
                                               *Counsel for BP Funding Trust*

*Pro Hac Vice* application is forthcoming.

35

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GOOGLE LLC,                          :
                                     :
            Plaintiff(s),            :
                                     :
    v.                               :
                                     :      C.A. No. 1:21-mc-      -UNA
BP FUNDING TRUST,                    :
                                     :
            Defendant(s).            :
                                     :
                                     :

## OBJECTION TO SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT non-party witness BP Funding Trust ("Responding Party"), pursuant to Fed. R. Civ. P. 45(d)(B), hereby objects to the subpoena to testify at a deposition in a civil action as follows:

## GENERAL OBJECTIONS

Responding Party makes the following General Objections to the Subpoena to Testify at a Deposition in a Civil Action, Topics for Deposition Nos. 1-29. These General Objections are incorporated into the specific objections to each topic. The assertion of the same or additional objections to any individual Topic does not waive other General Objections that are not repeated in the specific

objections. The objections and responses set forth below are based on information currently available to Responding Party:

1.  Responding Party objects to each and every Topic to the extent that it seeks information protected by the attorney-client privilege, attorney work product doctrine, joint defense agreement and/or taxpayer/tax return privilege.

2.  Responding Party further objects to each topic to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.

3.  Responding Party objects to each topic to the extent that it seeks production of information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  Google LLC ("Propounding Party") failed to take reasonable steps to avoid imposing undue burden or expense on Responding Party in violation of Federal Rules of Civil Procedure, Rule 45(d)(1).

4.  Responding Party objects to each topic to the extent that it the

information sought can be obtained through party discovery or other sources

without the need to seek information from non-party witness Responding Party.

    5.  Responding Party objects to each of Propounding Party's definitions as

overbroad, oppressive, unduly burdensome, unnecessarily expensive, and not

proportional to the needs of the case, considering the importance of the issues at

stake in the action, the amount in controversy, the parties' relative access to

relevant information, the importance of the discovery in resolving the issues, and

whether the burden or expense of the proposed discovery outweighs its likely

benefits. Responding Party further objects to the extent that any definition attempts

to impose any obligations upon Responding Party greater than those authorized by

the Federal Rules of Civil Procedure, Local Rules, or any other applicable law, and

also as, vague, ambiguous, unclear, or unintelligible.

    6.  Nothing herein is intended to waive the following objections, which are

expressly reserved: All objections as to competency, relevancy, materiality and

admissibility of the subject matter of the discovery topics; all objections as to

vagueness, ambiguity, or undue burden; all objections on any ground as to the use

of any information provided in response to these discovery topics; and all

objections on any ground to any topic for further responses to these or other

discovery topics.

    7.  Responding Party does not waive any right to make and preserves any

objections to the questions asked at deposition or to instruct a witness not to answer any question.

8.   Responding Party objects to the definition of "Responding Party Trust" to include the various different entities referenced in the definition.  The only appropriate entity for anything related to WSOU is "Responding Party Trust, Series SPL-VI."

9.   Responding Party objects to Definition 4 which seeks to define various different entities in an overbroad fashion.  Specifically, Responding Party objects to the part of the definition extends to include "Basepoint Administrative LLC and BP Funding Trust, a Delaware statutory trust; BP Funding Trust, Series SPL-VI, a statutory series of BP Funding Trust; and their trustees, managers, agents, representatives, employees, attorneys, or entities acting in conjunction, joint venture, or partnership with any of them including but not limited to Basepoint Capital LLC, Basepoint Tax Funding Trust, Venture 4th Basepoint 1, LLC, Basepoint Administrative LLC, Basepoint Asset Recovery LLC, or any other "Basepoint" entity or related entity thereto."

10.   Responding Party objects to Definitions 5 through 15, and 17, all of which seek to define various different entities in an overbroad fashion.  Specifically, Responding Party objects to the part of the definition extends to include "any other persons acting on behalf of any of the foregoing, and

any other entities that own or control or are owned or controlled by or share common ownership or control with any of the foregoing, as well as predecessors and successors in interest to such entities" for each entity, and to the part of the definition that extends to "affiliates" of the entity, a term which is itself defined in overbroad fashion at number 17.

11.  Responding Party objects to Definition 16 ("asserted patents") as vague and overbroad, to the extent that it includes asserted patents beyond the particular patents specifically referenced.

12.  Responding Party objects to Definitions 18  ("related application"), 19 ("related patent"),  21 ("accused product"), and 22 ("asserted claim") as vague and overbroad.

13.  Responding Party objects to Definition 33 ("Other WSOU Defendants") as vague and overbroad, to the extent that it includes defendants other than those particular defendants specifically referenced.

14.  Responding Party objects to the "Instructions" to the extent they purport to request anything of a non-party that goes beyond what is required or allowed under Federal Rule of Civil Procedure 45.

## SPECIFIC OBJECTIONS TO INDIVIDUAL TOPICS FOR DEPOSITION

1.  Objection.  Responding Party objects on the grounds this topic is overly

broad and unduly burdensome.  Responding Party objects further on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party witness.  Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

2.  Objection.  Responding Party objects on the grounds this topic is overly broad and unduly burdensome.  Responding Party objects further on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party witness.  Responding Party objects to this topic to the extent it seeks

information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

3.  Objection.  Responding Party objects to this topic on the grounds it is overly broad and unduly burdensome.  Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or

decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

　　　4.  Objection.  Responding Party objects to this topic on the grounds it is vague, ambiguous and unintelligible as to the term "your relationship". Responding Party objects on the grounds this topic is overly broad and unduly burdensome.  Responding Party objects further on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party witness.  Responding Party further objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.   Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent

it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

5.   Objection.  Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

6.   Objection. Responding Party objects on the grounds this topic is overly broad and unduly burdensome.  Responding Party objects further on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party witness.  Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or

attorney work product doctrine.  Responding Party further objects the extent it calls

for the disclosure of non-public, private, personal, confidential, proprietary

information, or trade secret information that has been maintained in confidence

and/or is legally required to be maintained in confidence, including, but not limited

to, information that is shielded from production by statutory or decisional law of

the United States and each of its jurisdictions, statutory or decisional law of any

foreign country, the right of privacy under the United States Constitution, and all

other applicable laws or privileges.  Responding Party further objects to the extent

it seeks information that is not relevant to the relevant to any party's claim or

defense, nor proportional to the needs of the case.

7.  Objection.  Responding Party objects on the grounds this topic is overly

broad and unduly burdensome.  Responding Party objects further on the grounds

this topic is oppressive, burdensome and harassing as the information can be

sought from a party or other source without the need to seek information from this

non-party witness.   Responding Party objects to this topic to the extent it seeks

information protected from disclosure by the attorney-client privilege and/or

attorney work product doctrine.  Responding Party further objects the extent it calls

for the disclosure of non-public, private, personal, confidential, proprietary

information, or trade secret information that has been maintained in confidence

and/or is legally required to be maintained in confidence, including, but not limited

to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

8.   Objection.  Responding Party objects on the grounds this topic is overly broad and unduly burdensome.  Responding Party objects further on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party witness.   Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent

it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

9.   Objection.  Responding Party objects on the grounds this topic is overly broad and unduly burdensome.  Responding Party objects further on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party witness.   Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

10.   Objection.  Responding Party objects on the grounds this topic is overly

broad and unduly burdensome.  Responding Party objects further on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party witness.   Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

11.    Objection.  Responding Party objects on the grounds this topic is vague, ambiguous and unintelligible as to the phrases/terms "Compensation, cost-sharing, or profit sharing agreements."  Responding Party objects further on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from

this non-party witness.   Responding Party objects to this topic to the extent it

seeks information protected from disclosure by the attorney-client privilege and/or

attorney work product doctrine.  Responding Party further objects the extent it calls

for the disclosure of non-public, private, personal, confidential, proprietary

information, or trade secret information that has been maintained in confidence

and/or is legally required to be maintained in confidence, including, but not limited

to, information that is shielded from production by statutory or decisional law of

the United States and each of its jurisdictions, statutory or decisional law of any

foreign country, the right of privacy under the United States Constitution, and all

other applicable laws or privileges.  Responding Party further objects to the extent

it seeks information that is not relevant to the relevant to any party's claim or

defense, nor proportional to the needs of the case.

12.     Objection.  Responding Party objects on the grounds this topic is

vague, ambiguous and unintelligible as to the phrases/terms "Compensation, cost-

sharing, or profit sharing agreements."  Responding Party objects further on the

grounds this topic is oppressive, burdensome and harassing as the information can

be sought from a party or other source without the need to seek information from

this non-party witness.   Responding Party objects to this topic to the extent it

seeks information protected from disclosure by the attorney-client privilege and/or

attorney work product doctrine.  Responding Party further objects the extent it calls

for the disclosure of non-public, private, personal, confidential, proprietary

information, or trade secret information that has been maintained in confidence

and/or is legally required to be maintained in confidence, including, but not limited

to, information that is shielded from production by statutory or decisional law of

the United States and each of its jurisdictions, statutory or decisional law of any

foreign country, the right of privacy under the United States Constitution, and all

other applicable laws or privileges.  Responding Party further objects to the extent

it seeks information that is not relevant to the relevant to any party's claim or

defense, nor proportional to the needs of the case.

     13.   Objection.  Responding Party objects on the grounds this topic is overly

broad and unduly burdensome.  Responding Party objects further on the grounds

this topic is oppressive, burdensome and harassing as the information can be

sought from a party or other source without the need to seek information from this

non-party witness.   Responding Party objects to this topic to the extent it seeks

information protected from disclosure by the attorney-client privilege and/or

attorney work product doctrine.  Responding Party further objects the extent it calls

for the disclosure of non-public, private, personal, confidential, proprietary

information, or trade secret information that has been maintained in confidence

and/or is legally required to be maintained in confidence, including, but not limited

to, information that is shielded from production by statutory or decisional law of

the United States and each of its jurisdictions, statutory or decisional law of any

foreign country, the right of privacy under the United States Constitution, and all

other applicable laws or privileges.  Responding Party further objects to the extent

it seeks information that is not relevant to the relevant to any party's claim or

defense, nor proportional to the needs of the case.

14.   Objection.  Responding Party objects on the grounds this topic is overly

broad and unduly burdensome.  Responding Party objects further on the grounds

this topic is oppressive, burdensome and harassing as the information can be

sought from a party or other source without the need to seek information from this

non-party witness.   Responding Party objects to this topic to the extent it seeks

information protected from disclosure by the attorney-client privilege and/or

attorney work product doctrine.  Responding Party further objects the extent it calls

for the disclosure of non-public, private, personal, confidential, proprietary

information, or trade secret information that has been maintained in confidence

and/or is legally required to be maintained in confidence, including, but not limited

to, information that is shielded from production by statutory or decisional law of

the United States and each of its jurisdictions, statutory or decisional law of any

foreign country, the right of privacy under the United States Constitution, and all

other applicable laws or privileges.  Responding Party further objects to the extent

it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

15.   Objection.  Responding Party objects on the grounds this topic is overly broad and unduly burdensome.  Responding Party objects further on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party witness.   Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

16.   Objection.  Responding Party objects on the grounds this topic is overly

broad and unduly burdensome.  Responding Party objects further on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party witness.   Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

17.    Objection.  Responding Party objects on the grounds this topic is overly broad and unduly burdensome.  Responding Party objects further on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party witness.   Responding Party objects to this topic to the extent it

seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

18.  Objection.  Responding Party objects on the grounds this topic is vague, ambiguous and unintelligible.  Responding Party further objects on the grounds that this topic overly broad and unduly burdensome.  Responding Party objects on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party witness.   Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary

information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

19.  Objection.  Responding Party objects on the grounds this topic is vague, ambiguous and unintelligible.  Responding Party further objects on the grounds that this topic overly broad and unduly burdensome.  Responding Party objects on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party witness.   Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or

decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

20.    Objection.  Responding Party objects on the grounds this topic is overly broad and unduly burdensome.  Responding Party objects further on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party witness.   Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent

it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

21.    Objection.  Responding Party objects on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party witness.   Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

22.    Objection.  Responding Party objects on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party

witness.   Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

23.   Objection.  Responding Party objects on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party witness.   Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally

required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

24.    Objection.  Responding Party objects on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party witness.   Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information

that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

25.   Objection.  Responding Party objects on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party witness.   Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

26.   Objection.  Responding Party objects on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party

witness.   Responding Party objects to this topic to the extent it seeks information

protected from disclosure by the attorney-client privilege and/or attorney work

product doctrine.  Responding Party further objects the extent it calls for the

disclosure of non-public, private, personal, confidential, proprietary information, or

trade secret information that has been maintained in confidence and/or is legally

required to be maintained in confidence, including, but not limited to, information

that is shielded from production by statutory or decisional law of the United States

and each of its jurisdictions, statutory or decisional law of any foreign country, the

right of privacy under the United States Constitution, and all other applicable laws

or privileges.  Responding Party further objects to the extent it seeks information

that is not relevant to the relevant to any party's claim or defense, nor proportional

to the needs of the case.

27.    Objection.  Responding Party objects on the grounds this topic is

oppressive, burdensome and harassing as the information can be sought from a

party or other source without the need to seek information from this non-party

witness.   Responding Party objects to this topic to the extent it seeks information

protected from disclosure by the attorney-client privilege and/or attorney work

product doctrine.  Responding Party further objects the extent it calls for the

disclosure of non-public, private, personal, confidential, proprietary information, or

trade secret information that has been maintained in confidence and/or is legally

required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

28.    Objection.  Responding Party objects on the grounds this topic is overly broad and unduly burdensome.  Responding Party objects further on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party witness.   Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all

other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

29.   Objection.  Responding Party objects on the grounds this topic is overly broad and unduly burdensome.  Responding Party objects further on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party witness.   Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any

foreign country, the right of privacy under the United States Constitution, and all

other applicable laws or privileges.  Responding Party further objects to the extent

it seeks information that is not relevant to the relevant to any party's claim or

defense, nor proportional to the needs of the case.

  Date: October 19, 2021

_____/s/ Morgan E. Pietz_____
Morgan E. Pietz (CA Bar #260629)*
Pietz & Shahriari, LLP
9454 Wilshire Blvd., Suite 310
Beverly Hills, CA 90212
*Counsel for BP Funding Trust*

Sean J. Bellew (#4072)
Bellew LLC
2961 Centerville Road, Suite 302
Wilmington, Delaware 19808
Telephone: (302) 353-4951
sjbellew@bellewllc.com
*Counsel for BP Funding Trust*

**\****Pro Hac Vice* application is forthcoming.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| GOOGLE LLC, | : | |
| | : | |
| Plaintiff(s), | : | |
| | : | |
| v. | : | |
| | : | C.A. No. 1:21-mc-419-UNA |
| TERRIER SSC, LLC, | : | |
| | : | |
| Defendant(s). | : | |
| | : | |
| | : | |

## OBJECTION TO SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT non-party witness Terrier SSC, LLC

("Responding Party"), pursuant to Fed. R. Civ. P. 45(d)(B), hereby objects to the

subpoena to testify at a deposition in a civil action as follows:

## GENERAL OBJECTIONS

Responding Party makes the following General Objections to the Subpoena

to Testify at a Deposition in a Civil Action, Topics for Deposition Nos. 1-30.

These General Objections are incorporated into the specific objections to each

topic. The assertion of the same or additional objections to any individual Topic

does not waive other General Objections that are not repeated in the specific

1

objections. The objections and responses set forth below are based on information currently available to Responding Party:

1.   Responding Party objects to each and every Topic to the extent that it seeks information protected by the attorney-client privilege, attorney work product doctrine, joint defense agreement and/or taxpayer/tax return privilege.

2.   Responding Party further objects to each topic to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.

3.   Responding Party objects to each topic to the extent that it seeks production of information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  Google LLC ("Propounding Party") failed to take reasonable steps to avoid imposing undue burden or expense on Responding Party in violation of Federal Rules of Civil Procedure, Rule 45(d)(1).

4.   Responding Party objects to each topic to the extent that it the

information sought can be obtained through party discovery or other sources without the need to seek information from non-party witness Responding Party.

5.   Responding Party objects to each of Propounding Party's definitions as overbroad, oppressive, unduly burdensome, unnecessarily expensive, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits. Responding Party further objects to the extent that any definition attempts to impose any obligations upon Responding Party greater than those authorized by the Federal Rules of Civil Procedure, Local Rules, or any other applicable law, and also as, vague, ambiguous, unclear, or unintelligible.

6.   Nothing herein is intended to waive the following objections, which are expressly reserved: All objections as to competency, relevancy, materiality and admissibility of the subject matter of the discovery topics; all objections as to vagueness, ambiguity, or undue burden; all objections on any ground as to the use of any information provided in response to these discovery topics; and all objections on any ground to any topic for further responses to these or other discovery topics.

7.   Responding Party does not waive any right to make and preserves any

3

objections to the questions asked at deposition or to instruct a witness not to answer any question.

8.  Responding Party objects to the definition of "Responding Party Trust" to include the various different entities referenced in the definition.  The only appropriate entity for anything related to WSOU is "Responding Party Trust, Series SPL-VI."

9.  Responding Party objects to Definitions 4 through 15, and 17, all of which seek to define various different entities in an overbroad fashion.  Specifically, Responding Party objects to the part of the definition extends to include "any other persons acting on behalf of any of the foregoing, and any other entities that own or control or are owned or controlled by or share common ownership or control with any of the foregoing, as well as predecessors and successors in interest to such entities" for each entity, and to the part of the definition that extends to "affiliates" of the entity, a term which is itself defined in overbroad fashion at number 17.

10.  Responding Party objects to Definition 16 ("asserted patents") as vague and overbroad, to the extent that it includes asserted patents beyond the particular patents specifically referenced.

11.  Responding Party objects to Definitions 18  ("related application"), 19 ("related patent"),  21 ("accused product"), and 22 ("asserted claim") as vague and overbroad.

12.  Responding Party objects to Definition 33 ("Other WSOU Defendants") as vague and overbroad, to the extent that it includes defendants other than those particular defendants specifically referenced.

13.  Responding Party objects to the "Instructions" to the extent they purport to request anything of a non-party that goes beyond what is required or allowed under Federal Rule of Civil Procedure 45.

## SPECIFIC OBJECTIONS TO INDIVIDUAL TOPICS FOR DEPOSITION

1.  Objection.  Responding Party objects to this topic on the grounds it is overly broad and unduly burdensome.  Responding Party objects further on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party witness.  Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited

to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

2.   Objection.  Responding Party objects to this topic on the grounds it is overly broad and unduly burdensome.  Responding Party objects further on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party witness.  Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent

it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

3. Objection.  Responding Party objects to this topic on the grounds it is overly broad and unduly burdensome.  Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

4. Objection.  Responding Party objects to this topic on the grounds it is overly broad and unduly burdensome.  Responding Party objects further on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party witness.  Responding Party further objects to this topic to the extent

it seeks information protected from disclosure by the attorney-client privilege

and/or attorney work product doctrine.  Responding Party further objects the extent

it calls for the disclosure of non-public, private, personal, confidential, proprietary

information, or trade secret information that has been maintained in confidence

and/or is legally required to be maintained in confidence, including, but not limited

to, information that is shielded from production by statutory or decisional law of

the United States and each of its jurisdictions, statutory or decisional law of any

foreign country, the right of privacy under the United States Constitution, and all

other applicable laws or privileges.  Responding Party further objects to the extent

it seeks information that is not relevant to the relevant to any party's claim or

defense, nor proportional to the needs of the case.

    5.   Objection.  Responding Party objects to this topic on the grounds it is

overly broad and unduly burdensome.  Responding Party objects to this topic to the

extent it seeks information protected from disclosure by the attorney-client

privilege and/or attorney work product doctrine.  Responding Party further objects

the extent it calls for the disclosure of non-public, private, personal, confidential,

proprietary information, or trade secret information that has been maintained in

confidence and/or is legally required to be maintained in confidence, including, but

not limited to, information that is shielded from production by statutory or

decisional law of the United States and each of its jurisdictions, statutory or

decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

6.  Objection.  Responding Party objects on the grounds this topic is overly broad and unduly burdensome.  Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

7.  Objection.  Responding Party objects on the grounds this topic is overly broad and unduly burdensome.  Responding Party objects further on the grounds this topic is oppressive, burdensome and harassing as the information can be

sought from a party or other source without the need to seek information from this

non-party witness.   Responding Party objects to this topic to the extent it seeks

information protected from disclosure by the attorney-client privilege and/or

attorney work product doctrine.  Responding Party further objects the extent it calls

for the disclosure of non-public, private, personal, confidential, proprietary

information, or trade secret information that has been maintained in confidence

and/or is legally required to be maintained in confidence, including, but not limited

to, information that is shielded from production by statutory or decisional law of

the United States and each of its jurisdictions, statutory or decisional law of any

foreign country, the right of privacy under the United States Constitution, and all

other applicable laws or privileges.  Responding Party further objects to the extent

it seeks information that is not relevant to the relevant to any party's claim or

defense, nor proportional to the needs of the case.

    8.   Objection.  Responding Party objects on the grounds this topic is overly

broad and unduly burdensome.  Responding Party objects further on the grounds

this topic is oppressive, burdensome and harassing as the information can be

sought from a party or other source without the need to seek information from this

non-party witness.   Responding Party objects to this topic to the extent it seeks

information protected from disclosure by the attorney-client privilege and/or

attorney work product doctrine.  Responding Party further objects the extent it calls

for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

9.   Objection.  Responding Party objects on the grounds this topic is overly broad and unduly burdensome.  Responding Party objects further on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party witness.   Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of

the United States and each of its jurisdictions, statutory or decisional law of any

foreign country, the right of privacy under the United States Constitution, and all

other applicable laws or privileges.  Responding Party further objects to the extent

it seeks information that is not relevant to the relevant to any party's claim or

defense, nor proportional to the needs of the case.

10.   Objection.  Responding Party objects on the grounds this topic is overly

broad and unduly burdensome.  Responding Party objects further on the grounds

this topic is oppressive, burdensome and harassing as the information can be

sought from a party or other source without the need to seek information from this

non-party witness.   Responding Party objects to this topic to the extent it seeks

information protected from disclosure by the attorney-client privilege and/or

attorney work product doctrine.  Responding Party further objects the extent it calls

for the disclosure of non-public, private, personal, confidential, proprietary

information, or trade secret information that has been maintained in confidence

and/or is legally required to be maintained in confidence, including, but not limited

to, information that is shielded from production by statutory or decisional law of

the United States and each of its jurisdictions, statutory or decisional law of any

foreign country, the right of privacy under the United States Constitution, and all

other applicable laws or privileges.  Responding Party further objects to the extent

it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

11.    Objection.  Responding Party objects on the grounds this topic is vague, ambiguous and unintelligible as to the phrases/terms "Compensation, cost-sharing, or profit sharing agreements."  Responding Party objects further on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party witness.   Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

12.    Objection.  Responding Party objects on the grounds this topic is

vague, ambiguous and unintelligible as to the phrases/terms "Compensation, cost-sharing, or profit sharing agreements."  Responding Party objects further on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party witness.   Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

13.  Objection.  Responding Party objects on the grounds this topic is overly broad and unduly burdensome.  Responding Party objects further on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this

non-party witness.   Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

14.   Objection.  Responding Party objects on the grounds this topic is overly broad and unduly burdensome.  Responding Party objects further on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party witness.   Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary

15

information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

15.   Objection.  Responding Party objects on the grounds this topic is overly broad and unduly burdensome.  Responding Party objects further on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party witness.   Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any

foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

    16.   Objection.  Responding Party objects on the grounds this topic is overly broad and unduly burdensome.  Responding Party objects further on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party witness.   Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

17.    Objection.  Responding Party objects on the grounds this topic is overly broad and unduly burdensome.  Responding Party objects further on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party witness.   Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

18.  Objection.  Responding Party objects on the grounds this topic is vague, ambiguous and unintelligible.  Responding Party further objects on the grounds that this topic overly broad and unduly burdensome.  Responding Party objects on the grounds this topic is oppressive, burdensome and harassing as the information

18

can be sought from a party or other source without the need to seek information

from this non-party witness.   Responding Party objects to this topic to the extent it

seeks information protected from disclosure by the attorney-client privilege and/or

attorney work product doctrine.  Responding Party further objects the extent it calls

for the disclosure of non-public, private, personal, confidential, proprietary

information, or trade secret information that has been maintained in confidence

and/or is legally required to be maintained in confidence, including, but not limited

to, information that is shielded from production by statutory or decisional law of

the United States and each of its jurisdictions, statutory or decisional law of any

foreign country, the right of privacy under the United States Constitution, and all

other applicable laws or privileges.  Responding Party further objects to the extent

it seeks information that is not relevant to the relevant to any party's claim or

defense, nor proportional to the needs of the case.

19.    Objection.  Responding Party objects on the grounds this topic is

vague, ambiguous and unintelligible.  Responding Party further objects on the

grounds that this topic overly broad and unduly burdensome.  Responding Party

objects on the grounds this topic is oppressive, burdensome and harassing as the

information can be sought from a party or other source without the need to seek

information from this non-party witness.   Responding Party objects to this topic to

the extent it seeks information protected from disclosure by the attorney-client

privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

20.   Objection.  Responding Party objects on the grounds this topic is overly broad and unduly burdensome.  Responding Party objects further on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party witness.   Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited

to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

21.     Objection.  Responding Party objects on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party witness.   Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information

that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

22.   Objection.  Responding Party objects on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party witness.   Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

23.   Objection.  Responding Party objects on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party

witness.   Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

24.    Objection.  Responding Party objects on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party witness.   Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally

23

required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

25.    Objection.  Responding Party objects on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party witness.   Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information

that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

26.     Objection.  Responding Party objects on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party witness.   Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

27.   Objection.  Responding Party objects on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party

witness.   Responding Party objects to this topic to the extent it seeks information

protected from disclosure by the attorney-client privilege and/or attorney work

product doctrine.  Responding Party further objects the extent it calls for the

disclosure of non-public, private, personal, confidential, proprietary information, or

trade secret information that has been maintained in confidence and/or is legally

required to be maintained in confidence, including, but not limited to, information

that is shielded from production by statutory or decisional law of the United States

and each of its jurisdictions, statutory or decisional law of any foreign country, the

right of privacy under the United States Constitution, and all other applicable laws

or privileges.  Responding Party further objects to the extent it seeks information

that is not relevant to the relevant to any party's claim or defense, nor proportional

to the needs of the case.

28.    Objection.  Responding Party objects on the grounds this topic is

overly broad and unduly burdensome.  Responding Party objects further on the

grounds this topic is oppressive, burdensome and harassing as the information can

be sought from a party or other source without the need to seek information from

this non-party witness.   Responding Party objects to this topic to the extent it

seeks information protected from disclosure by the attorney-client privilege and/or

attorney work product doctrine.  Responding Party further objects the extent it calls

for the disclosure of non-public, private, personal, confidential, proprietary

information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

29.   Objection.  Responding Party objects on the grounds this topic is overly broad and unduly burdensome.  Responding Party objects further on the grounds this topic is oppressive, burdensome and harassing as the information can be sought from a party or other source without the need to seek information from this non-party witness.   Responding Party objects to this topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, information that is shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any

27

foreign country, the right of privacy under the United States Constitution, and all

other applicable laws or privileges.  Responding Party further objects to the extent

it seeks information that is not relevant to the relevant to any party's claim or

defense, nor proportional to the needs of the case.

    30.   Objection.  Responding Party objects on the grounds this topic is overly

broad and unduly burdensome.  Responding Party objects further on the grounds

this topic is oppressive, burdensome and harassing as the information can be

sought from a party or other source without the need to seek information from this

non-party witness.   Responding Party objects to this topic to the extent it seeks

information protected from disclosure by the attorney-client privilege and/or

attorney work product doctrine.  Responding Party further objects the extent it calls

for the disclosure of non-public, private, personal, confidential, proprietary

information, or trade secret information that has been maintained in confidence

and/or is legally required to be maintained in confidence, including, but not limited

to, information that is shielded from production by statutory or decisional law of

the United States and each of its jurisdictions, statutory or decisional law of any

foreign country, the right of privacy under the United States Constitution, and all

other applicable laws or privileges.  Responding Party further objects to the extent

it seeks information that is not relevant to the relevant to any party's claim or

defense, nor proportional to the needs of the case.

Date: October 19, 2021

                                     */s/ Morgan E. Pietz*
                                  Morgan E. Pietz (CA Bar #260629)*
                                  Pietz & Shahriari, LLP
                                  9454 Wilshire Blvd., Suite 310
                                  Beverly Hills, CA 90212
                                  *Counsel for Terrier SSC, LLC*

                                  Sean J. Bellew (#4072)
                                  Bellew LLC
                                  2961 Centerville Road, Suite 302
                                  Wilmington, Delaware 19808
                                  Telephone: (302) 353-4951
                                  sjbellew@bellewllc.com
                                  *Counsel for Terrier SSC, LLC*

**\****Pro Hac Vice* application is forthcoming.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GOOGLE LLC,                          :
                                     :
                                     :
            Plaintiff(s),            :
                                     :
    v.                               :
                                     :       C.A. No. 21-MC-419UNA
TERRIER SSC, LLC,                    :
                                     :
            Defendant(s).            :
                                     :
                                     :

## OBJECTION TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN CIVIL ACTION

TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT non-party witness Terrier SSC, LLC

("Responding Party"), pursuant to Fed. R. Civ. P. 45(d)(B), hereby objects to the

subpoena to produce documents, information, or objects or to permit inspection of

premises in a civil action as follows:

## GENERAL OBJECTIONS

Responding Party makes the following General Objections to the Subpoena

to Produce Documents, Information, or Objects or To Permit Inspection of

Premises in a Civil Action, Request Nos. 1-28.  These General Objections are

incorporated into the specific objections to each Request. The assertion of the same

1

or additional objections to any individual Request does not waive other General Objections that are not repeated in the specific objections. The objections and responses set forth below are based on information currently available to Responding Party:

1.   Responding Party objects to each and every Request to the extent that it seeks information protected by the attorney-client privilege, attorney work product doctrine, joint defense agreement and/or taxpayer/tax return privilege.

2.   Responding Party further objects to each request to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.

3.   Responding Party objects to each request to the extent that it seeks production of documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.   Responding Party objects to each request to the extent that the information sought can be obtained through party discovery or other sources

without the need to seek documents from non-party witness Responding Party.

Google LLC ("Propounding Party") failed to take reasonable steps to avoid

imposing undue burden or expense on Responding Party in violation of Federal

Rules of Civil Procedure, Rule 45(d)(1).

5.   Responding Party objects to each of Propounding Party's definitions as

overbroad, oppressive, unduly burdensome, unnecessarily expensive, and not

proportional to the needs of the case, considering the importance of the issues at

stake in the action, the amount in controversy, the parties' relative access to

relevant information, the importance of the discovery in resolving the issues, and

whether the burden or expense of the proposed discovery outweighs its likely

benefits. Responding Party further objects to the extent that any definition attempts

to impose any obligations upon Responding Party greater than those authorized by

the Federal Rules of Civil Procedure, Local Rules, or any other applicable law, and

also as, vague, ambiguous, unclear, or unintelligible.

6.   Nothing herein is intended to waive the following objections, which are

expressly reserved: All objections as to competency, relevancy, materiality and

admissibility of the subject matter of the discovery requests; all objections as to

vagueness, ambiguity, or undue burden; all objections on any ground as to the use

of any information provided in response to these discovery requests; and all

objections on any ground to any request for further responses to these or other

discovery requests.

7. Responding Party does not waive any right to make and preserves any objections to the questions asked at deposition or to instruct a witness not to answer any question.

8. Responding Party objects to the definition of "Responding Party Trust" to include the various different entities referenced in the definition. The only appropriate entity for anything related to WSOU is "Responding Party Trust, Series SPL-VI"

9. Responding Party objects to Definitions 4 through 15, and 17, all of which seek to define various different entities in an overbroad fashion. Specifically, Responding Party objects to the part of the definition extends to include "any other persons acting on behalf of any of the foregoing, and any other entities that own or control or are owned or controlled by or share common ownership or control with any of the foregoing, as well as predecessors and successors in interest to such entities" for each entity, and to the part of the definition that extends to "affiliates" of the entity, a term which is itself defined in overbroad fashion at number 17.

10. Responding Party objects to Definition 16 ("asserted patents") as vague and overbroad, to the extent that it includes asserted patents beyond the particular patents specifically referenced.

11.  Responding Party objects to Definitions 18  ("related application"), 19 ("related patent"),  21 ("accused product"), and 22 ("asserted claim") as vague and overbroad.

12.  Responding Party objects to Definition 33 ("Other WSOU Defendants") as vague and overbroad, to the extent that it includes defendants other than those particular defendants specifically referenced.

13.  Responding Party objects to the "Instructions" to the extent they purport to request anything of a non-party that goes beyond what is required or allowed under Federal Rule of Civil Procedure 45.

## REQUESTS AND OBJECTIONS TO INDIVIDUAL REQUESTS

**REQUEST FOR PRODUCTION NO. 1**:

Documents concerning the formation of Terrier.

**RESPONSE TO REQUEST 1**:

Objection.  Responding Party objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of

the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to any party's claim or defense, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 2**:

Documents concerning your formation of OT WSOU Terrier Holdings, LLC.

**RESPONSE TO REQUEST 2**:

Objection.  Responding Party objects on the grounds this request is overly broad and unduly burdensome.  Responding Party objects further on the grounds this request is oppressive, burdensome and harassing as the documents requested can be sought from a party or other source without the need to seek them from this non-party witness.Responding Party further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of

the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 3**:

Documents concerning your corporate structure.

**RESPONSE TO REQUEST 3**:

Objection.  Responding Party objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 4**:

Documents concerning your investments or interests in the asserted patents, including assignment, licensing, acquisition, financial interest, security interest, lien, sale, transfer of rights (in whole or in part) and any other disposition of or any offers to buy, sell, obtain rights to, or licenses any of the asserted patents.

**RESPONSE TO REQUEST 4**:

Objection.  Responding Party objects on the grounds this request is overly broad and unduly burdensome.  Responding Party objects further on the grounds this request is oppressive, burdensome and harassing as the documents requested can be sought from a party or other source without the need to seek them from this non-party witness.  Responding Party objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further

objects to the extent it seeks information that is not relevant to the relevant to any

party's claim or defense, nor proportional to the needs of the case.

## REQUEST FOR PRODUCTION NO. 5:

Documents concerning discussions with BP Funding Trust regarding any

asserted patent, a portfolio including an asserted patent, assignment of any interest

in any asserted patent or a portfolio including an asserted patent, or the acquisition

or potential acquisition of any portfolio that might have included an asserted

patent.

## RESPONSE TO REQUEST 5:

Objection.  Responding Party objects on the grounds this request is

overly broad and unduly burdensome.  Responding Party objects further on the

grounds this request is oppressive, burdensome and harassing as the documents

requested can be sought from a party or other source without the need to seek them

from this non-party witness.   Responding Party objects to this request to the extent

it seeks information protected from disclosure by the attorney-client privilege

and/or attorney work product doctrine.  Responding Party further objects to the

extent it calls for the disclosure of non-public, private, personal, confidential,

proprietary information, or trade secret information that has been maintained in

confidence and/or is legally required to be maintained in confidence, including, but

not limited to, documents that are shielded from production by statutory or

decisional law of the United States and each of its jurisdictions, statutory or

decisional law of any foreign country, the right of privacy under the United States

Constitution, and all other applicable laws or privileges.  Responding Party further

objects to the extent it seeks information that is not relevant to the relevant to any

party's claim or defense, nor proportional to the needs of the case.

## REQUEST FOR PRODUCTION NO. 6:

Agreements with BP Funding Trust concerning any potential or actual

transaction regarding any asserted patent, a portfolio including an asserted patent,

or the acquisition or potential acquisition of any portfolio that might have included

an asserted patent.

## RESPONSE TO REQUEST 6:

Objection.  Responding Party objects on the grounds this request is

overly broad and unduly burdensome.  Responding Party objects further on the

grounds this request is oppressive, burdensome and harassing as the documents

requested can be sought from a party or other source without the need to seek them

from this non-party witness.   Responding Party objects to this request to the extent

it seeks information protected from disclosure by the attorney-client privilege

and/or attorney work product doctrine.  Responding Party further objects to the

extent it calls for the disclosure of non-public, private, personal, confidential,

proprietary information, or trade secret information that has been maintained in

confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 7**:

Agreements with the named inventor(s) of any of the asserted patents, including assignment agreements, consulting agreements, employment agreements and any agreements pertaining to litigation involving the asserted patents or any related patents.

**RESPONSE TO REQUEST 7**:

Objection.  Responding Party objects on the grounds this request is overly broad and unduly burdensome.  Responding Party objects further on the grounds this request is oppressive, burdensome and harassing as the documents requested can be sought from a party or other source without the need to seek them from this non-party witness.   Responding Party objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects to the

extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 8**:

Compensation, cost-sharing, or profit sharing agreements with any of the named inventor(s) of the asserted patent(s).

**RESPONSE TO REQUEST 8**:

Objection.  Responding Party objects on the grounds this request is vague, ambiguous and unintelligible as to the phrases/terms "Compensation, cost-sharing, or profit sharing agreements."  Responding Party objects further on the grounds this request is oppressive, burdensome and harassing as the documents requested can be sought from a party or other source without the need to seek them from this non-party witness.   Responding Party objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege

and/or attorney work product doctrine.  Responding Party further objects to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 9**:

Documents regarding the assignment, licensing, acquisition, financial interest, security interest, lien, sale, transfer of rights (in whole or in part) and any other disposition of or any offers to buy, sell, obtain rights to, or licenses any of the asserted patents.

**RESPONSE TO REQUEST 9**:

Objection.  Responding Party objects on the grounds this request is vague, ambiguous and unintelligible as to the phrases/terms "Compensation, cost-sharing, or profit sharing agreements."  Responding Party objects further on the grounds this request is oppressive, burdensome and harassing as the documents requested

can be sought from a party or other source without the need to seek them from this non-party witness.   Responding Party objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 10**:

Documents concerning the nature and scope of any rights you had in the past or currently have in each of the asserted patents, related applications or related patents from the time each alleged invention was conceived through the present, including the right to control any portion of litigation, future royalties, payment for licenses, contingent rights, or payments depending on the outcome of litigation.

**RESPONSE TO REQUEST 10**:

Objection.  Responding Party objects on the grounds this request is overly broad and unduly burdensome.  Responding Party objects further on the grounds this request is oppressive, burdensome and harassing as the documents requested can be sought from a party or other source without the need to seek them from this non-party witness.   Responding Party objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 11**:

Documents regarding agreements relating to each of the asserted patents (or any portfolio including any of the asserted patents), including assurances,

covenants not to sue and understandings not to assert any of the asserted patents against potential licensees.

**RESPONSE TO REQUEST 11**:

Objection.  Responding Party objects on the grounds this request is overly broad and unduly burdensome.  Responding Party objects further on the grounds this request is oppressive, burdensome and harassing as the documents requested can be sought from a party or other source without the need to seek them from this non-party witness.   Responding Party objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 12**:

Documents regarding agreements between you and WSOU, Allied Security Trust, AQUA Licensing, LLC, RPX Corporation, Fortress Credit Co., LLC, Houlihan, Orange Holdings, Wade and Company, Omega Credit Opportunities Master Fund, Terrier, Juniper Capital Partners, Coast Asset Management, or WCFT Cayman, regarding any asserted patent, a portfolio including an asserted patent, or the acquisition or potential acquisition of any portfolio that might have included an asserted patent, including any amendment, modification, supplementation, abrogation, or termination of any such agreements.

**RESPONSE TO REQUEST 12**:

Objection.  Responding Party objects on the grounds this request is overly broad and unduly burdensome.  Responding Party objects further on the grounds this request is oppressive, burdensome and harassing as the documents requested can be sought from a party or other source without the need to seek them from this non-party witness.   Responding Party objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but

not limited to, documents that are shielded from production by statutory or

decisional law of the United States and each of its jurisdictions, statutory or

decisional law of any foreign country, the right of privacy under the United States

Constitution, and all other applicable laws or privileges.  Responding Party further

objects to the extent it seeks information that is not relevant to the relevant to any

party's claim or defense, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 13**:

Documents regarding agreements with Nokia or other WSOU Defendants

regarding an asserted patent or a portfolio including an asserted patent.

**RESPONSE TO REQUEST 13**:

Objection.  Responding Party objects on the grounds this request is overly

broad and unduly burdensome.  Responding Party objects further on the grounds

this request is oppressive, burdensome and harassing as the documents requested

can be sought from a party or other source without the need to seek them from this

non-party witness.   Responding Party objects to this request to the extent it seeks

information protected from disclosure by the attorney-client privilege and/or

attorney work product doctrine.  Responding Party further objects to the extent it

calls for the disclosure of non-public, private, personal, confidential, proprietary

information, or trade secret information that has been maintained in confidence

and/or is legally required to be maintained in confidence, including, but not limited

to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 14**:

Communications with Nokia, Allied Security Trust, AQUA, RPX Corporation, Fortress Credit Co., LLC, Houlihan, WSOU, Orange Holdings, Wade and Company, Omega Credit Opportunities Master Fund, Terrier, Juniper Capital Partners, Coast Asset Management, or WCFT Cayman regarding an asserted patent, a portfolio including an asserted patent, or actual or potential litigation relating to an asserted patent.

**RESPONSE TO REQUEST 14**:

Objection.  Responding Party objects on the grounds this request is overly broad and unduly burdensome.  Responding Party objects further on the grounds this request is oppressive, burdensome and harassing as the documents requested can be sought from a party or other source without the need to seek them from this non-party witness.   Responding Party objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or

attorney work product doctrine.  Responding Party further objects to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 15**:

Documents concerning communications with any of the named inventors regarding any of the asserted patents, this litigation or Google.

**RESPONSE TO REQUEST 15**:

Objection.  Responding Party objects on the grounds this request is vague, ambiguous and unintelligible.  Responding Party further objects on the grounds that this request overly broad and unduly burdensome.  Responding Party objects on the grounds this request is oppressive, burdensome and harassing as the documents requested can be sought from a party or other source without the need to seek them from this non-party witness.   Responding Party objects to this request

to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 16**:

Communications with WSOU regarding the asserted patent, related patents, this litigation or Google.

**RESPONSE TO REQUEST 16**:

Objection.  Responding Party objects on the grounds this request is vague, ambiguous and unintelligible.  Responding Party further objects on the grounds that this request overly broad and unduly burdensome.  Responding Party objects on the grounds this request is oppressive, burdensome and harassing as the documents requested can be sought from a party or other source without the need

to seek them from this non-party witness.   Responding Party objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 17**:

Documents concerning communications between you and any other entity relating to the possibility of patent litigation regarding the asserted patent and related patents, including any actual or potential patent litigation against Google and the WSOU v. Google Litigations.

**RESPONSE TO REQUEST 17**:

Objection.  Responding Party objects on the grounds this request is overly broad and unduly burdensome.  Responding Party objects further on the grounds

this request is oppressive, burdensome and harassing as the documents requested can be sought from a party or other source without the need to seek them from this non-party witness.   Responding Party objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

## REQUEST FOR PRODUCTION NO. 18:

Documents concerning the formation of WSOU.

## RESPONSE TO REQUEST 18:

Objection.  Responding Party objects on the grounds this request is overly broad and unduly burdensome.  Responding Party objects further on the grounds this request is oppressive, burdensome and harassing as the documents requested

can be sought from a party or other source without the need to seek them from this

non-party witness.   Responding Party objects to this request to the extent it seeks

information protected from disclosure by the attorney-client privilege and/or

attorney work product doctrine.  Responding Party further objects to the extent it

calls for the disclosure of non-public, private, personal, confidential, proprietary

information, or trade secret information that has been maintained in confidence

and/or is legally required to be maintained in confidence, including, but not limited

to, documents that are shielded from production by statutory or decisional law of

the United States and each of its jurisdictions, statutory or decisional law of any

foreign country, the right of privacy under the United States Constitution, and all

other applicable laws or privileges.  Responding Party further objects to the extent

it seeks information that is not relevant to the relevant to any party's claim or

defense, nor proportional to the needs of the case.

## REQUEST FOR PRODUCTION NO. 19:

Documents concerning any contemplated acquisition of patents or rights in

patents from Nokia.

## RESPONSE TO REQUEST 19:

Objection.  Responding Party objects on the grounds this request is

oppressive, burdensome and harassing as the documents requested can be sought

from a party or other source without the need to seek them from this non-party

witness.   Responding Party objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 20**:

Documents sufficient to show any interests (current or prior) in WSOU.

**RESPONSE TO REQUEST 20**:

Objection.  Responding Party objects on the grounds this request is oppressive, burdensome and harassing as the documents requested can be sought from a party or other source without the need to seek them from this non-party witness.   Responding Party objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or

attorney work product doctrine.  Responding Party further objects to the extent it

calls for the disclosure of non-public, private, personal, confidential, proprietary

information, or trade secret information that has been maintained in confidence

and/or is legally required to be maintained in confidence, including, but not limited

to, documents that are shielded from production by statutory or decisional law of

the United States and each of its jurisdictions, statutory or decisional law of any

foreign country, the right of privacy under the United States Constitution, and all

other applicable laws or privileges.  Responding Party further objects to the extent

it seeks information that is not relevant to the relevant to any party's claim or

defense, nor proportional to the needs of the case.

## REQUEST FOR PRODUCTION NO. 21:

Documents sufficient to show any actual, contingent, or potential (1) right to

license or sublicense any asserted patent, (2) right to control the licensing of any

asserted patent, or (3) right to control or be involved in the resolution of any

litigation involving any asserted patent.

## RESPONSE TO REQUEST 21:

Objection.  Responding Party objects on the grounds this request is

oppressive, burdensome and harassing as the documents requested can be sought

from a party or other source without the need to seek them from this non-party

witness.   Responding Party objects to this request to the extent it seeks

information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 22**:

Documents sufficient to show your relationship with Stuart A. Shanus, Eric Schneider, Andrew Neuberger, Marc Wade, or Craig Etchegoyen, Orange Holdings, WSOU, Uniloc USA, Inc., WCFT Cayman, Omega Credit Opportunities Master Fund, Wade and Company, and Terrier, or any entity associated with the foregoing.

**RESPONSE TO ERQUEST 22**:

Objection.  Responding Party objects on the grounds this request is

oppressive, burdensome and harassing as the documents requested can be sought from a party or other source without the need to seek them from this non-party witness.   Responding Party objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

## **REQUEST FOR PRODUCTION NO. 23**

Documents concerning the "Patent Security Agreement" recorded at USPTO Reel 09235 Frame 0068, signed May 16, 2019, the circumstances of this agreement, and any related agreements.

**RESPONSE TO REQUEST 23**:

Objection.  Responding Party objects on the grounds this request is oppressive, burdensome and harassing as the documents requested can be sought from a party or other source without the need to seek them from this non-party witness.   Responding Party objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 24**:

Documents concerning the May 16, 2019 "Patent Security Agreement" and any related agreements, including the circumstances surrounding the recorded release of your security interest regarding the "Patent Security Agreement."

**RESPONSE TO REQUEST 24**:

Objection.  Responding Party objects on the grounds this request is oppressive, burdensome and harassing as the documents requested can be sought from a party or other source without the need to seek them from this non-party witness.   Responding Party objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 25**:

Documents concerning the release of your security interest, recorded June 3, 2021, at USPTO Reel 056526 Frame 0093, the circumstances of this agreement, and any related agreements.

**RESPONSE TO REQUEST 25**:

Objection.  Responding Party objects on the grounds this request is oppressive, burdensome and harassing as the documents requested can be sought from a party or other source without the need to seek them from this non-party witness.   Responding Party objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 26**:

Documents concerning the value of, any valuations of or attempts to value any asserted patent, related patent, or related application, whether individually or

in combination with any other patents or applications, including any portfolio containing any asserted patent or related patent.

**<u>RESPONSE TO REQUEST 26</u>**:

Objection.  Responding Party objects on the grounds this request is oppressive, burdensome and harassing as the documents requested can be sought from a party or other source without the need to seek them from this non-party witness.   Responding Party objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent it seeks information that is not relevant to the relevant to any party's claim or defense, nor proportional to the needs of the case.

## REQUEST FOR PRODUCTION NO. 27:

Documents concerning any evaluation or analysis of any asserted patent, any related patent, or any related application, whether individually or in combination with any other patents or applications, including any evaluation or analysis of infringement, validity, or commercialization.

## RESPONSE TO REQUEST 27:

Objection.  Responding Party objects on the grounds this request is overly broad and unduly burdensome.  Responding Party objects further on the grounds this request is oppressive, burdensome and harassing as the documents requested can be sought from a party or other source without the need to seek them from this non-party witness.   Responding Party objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.  Responding Party further objects to the extent it calls for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges.  Responding Party further objects to the extent

it seeks information that is not relevant to the relevant to any party's claim or

defense, nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 28**:

Documents produced in response to a subpoena served by any other WSOU

Defendant.

**RESPONSE TO REQUEST 28**:

Objection.  Responding Party objects on the grounds this request is overly

broad and unduly burdensome.  Responding Party objects further on the grounds

this request is oppressive, burdensome and harassing as the documents requested

can be sought from a party or other source without the need to seek them from this

non-party witness.   Responding Party objects to this request to the extent it seeks

information protected from disclosure by the attorney-client privilege and/or

attorney work product doctrine.  Responding Party further objects to the extent it

calls for the disclosure of non-public, private, personal, confidential, proprietary

information, or trade secret information that has been maintained in confidence

and/or is legally required to be maintained in confidence, including, but not limited

to, documents that are shielded from production by statutory or decisional law of

the United States and each of its jurisdictions, statutory or decisional law of any

foreign country, the right of privacy under the United States Constitution, and all

other applicable laws or privileges.  Responding Party further objects to the extent

it seeks information that is not relevant to the relevant to any party's claim or

defense, nor proportional to the needs of the case.

Date: October 19, 2021

_____ /s/ Morgan E. Pietz _____
Morgan E. Pietz (CA Bar #260629)*
Pietz & Shahriari, LLP
9454 Wilshire Blvd., Suite 310
Beverly Hills, CA 90212
*Counsel for Terrier SSC, LLC*

Sean J. Bellew (#4072)
Bellew LLC
2961 Centerville Road, Suite 302
Wilmington, Delaware 19808
Telephone: (302) 353-4951
sjbellew@bellewllc.com
*Counsel for Terrier SSC, LLC*

**\****Pro Hac Vice* application is forthcoming.

35

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GOOGLE, LLC,                        :
                                    :
            Plaintiff(s),           :
                                    :
      v.                            :
                                    :        C.A. No. 21-mc-440-UNA
BP FUNDING TRUST,                   :
                                    :
            Defendant(s).           :
_____     :
                                    :
GOOGLE, LLC,                        :
                                    :
            Plaintiff(s),           :
                                    :
      v.                            :        C.A. No. 21-mc-419-MN
                                    :
TERRIER SSC, LLC                    :
                                    :
            Defendants(s).          :
                                    :
_____     :

**NOTICE OF SERVICE**

PLEASE TAKE NOTICE that on October 19, 2021, **Objection to Subpoena to Produce Documents, information, or Objects or to Permit Inspection of Premises in Civil Action to BP Funding Trust; Objection to Subpoena to Testify at a deposition in Civil Action to BP Funding Trust; Objection to Subpoena to Produce Documents, information, or Objects or to Permit Inspection of Premises in Civil Action to Terrier SSC, LLC; and,**

1

**Objection to Subpoena to Testify at a deposition in Civil Action to Terrier**

**SSC, LLC,** were served via e-mail on the following counsel of record:

Jennifer A. Kash
jen@warrenlex.com
Warren Lex LLP
2261 Market Street
San Francisco, CA 94114
Attorney for Subpoenaing Party/
Defendant, Google, LLC

Nathan K. Cummings
nathan@etheridgelaw.com
James L. Etheridge
jim@etheridgelaw.com
Jeffrey Huang
jhuang@etheridgelaw.com
2600 East Southlake Blvd.
Suite 120-324
Southlake, TX 76092
Attorneys for Plaintiff
WSOU Investments, LLC


Date: October 19, 2021

                    _____/s/ Morgan E. Pietz_____
                    Morgan E. Pietz (CA Bar #260629)*
                    Pietz & Shahriari, LLP
                    9454 Wilshire Blvd., Suite 310
                    Beverly Hills, CA 90212
                    *Counsel for BP Funding Trust and
                    Terrier SSC, LLC*

                    Sean J. Bellew (#4072)
                    Bellew LLC
                    2961 Centerville Road, Suite 302
                    Wilmington, Delaware 19808
                    Telephone: (302) 353-4951
                    sjbellew@bellewllc.com
                    *Counsel for BP Funding Trust and
                    Terrier SSC, LLC*


*\*Pro Hac Vice* application is forthcoming.

2