IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GOOGLE LLC, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-mc-419 (MN) |
| | ) | |
| TERRIER SSC, LLC, | ) | |
| | ) | |
| Respondent. | ) | |
| GOOGLE LLC, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-mc-440 (MN) |
| | ) | |
| BP FUNDING TRUST, | ) | |
| | ) | |
| Respondent. | ) | |

**REPLY IN SUPPORT OF GOOGLE LLC'S MOTIONS TO COMPEL BP FUNDING
TRUST AND TERRIER SSC, LLC TO COMPLY WITH SUBPOENAS ON AN
EXPEDITED BASIS AND OPPOSITION BY GOOGLE LLC TO THE OMNIBUS
MOTION TO TRANSFER PURSUANT TO RULE 45(f) BY WSOU INVESTMENTS
LLC, BP FUNDING TRUST AND TERRIER SSC, LLC**

## <u>TABLE OF CONTENTS</u>

**Page(s)**

INTRODUCTION ..................................................................................................... 1

BACKGROUND ..................................................................................................... 2

    A.    Google Serves Subpoenas on BP Funding Trust and Terrier ..................................... 2

    B.    BP Funding Trust and Terrier Waive Their Objections to the Subpoenas; BP Funding Trust Executes a Detailed Written Agreement to Produce Documents ...... 2

    C.    Google Commences Enforcement Against Terrier; BP Funding Trust and Terrier Reiterate Their Agreement to Produce Documents ..................................... 3

    D.    The Day Before BP Funding Trust's Document Production, WSOU Asserts "Prejudice," and BP Funding Trust Reneges on Its Agreement ................................ 3

    E.    Google Commences Enforcement Against BP Funding Trust; BP Funding Trust and Terrier Serve Untimely Responses and Objections to the Subpoenas ...................... 4

    F.    WSOU and Google's October 21 Extension of Schedule in the Underlying Litigation ...................................................................................................... 4

ARGUMENT ...................................................................................................... 4

    I.    The Court Should Grant Google's Motions to Compel ................................................. 4

    A.    Google Seeks Discovery Key to WSOU's Standing in This and Other Courts ........ 4

    B.    Respondents Cannot Rely on a "Sealed Hearing" That No Party to This Action Can Access ...................................................................................................... 6

    C.    Having Waived All Objections, Respondents Cannot Dispute the Subpoenas .......... 6

    D.    Respondents Cannot Avoid Production Because There is Partial Overlap Between Documents WSOU Has and The Documents Respondents Agreed to Produce ........ 8

    E.    Respondents Fail to Claim a Cognizable Burden ..................................................... 9

    F.    Respondents Are Not Shielded From Producing Confidential Information ............. 9

    II.    The Court Should Decline to Transfer These Actions ................................................. 10

    A.    Whether to Transfer This Matter is in This Court's Sound Discretion ................... 10

    B.    Again, Respondents Do Not Claim Any Burden ...................................................... 10

C.      This Court Has Strong Interests in Enforcing the Subpoenas ................................... 11

CONCLUSION.................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*,
  No. 16-62610, 2017 WL 4871077 (S.D. Fla. Aug. 15, 2017) ...................................................4

*Arbor Glob. Strategies LLC v. Xilinx, Inc.*,
  No. CV 19-1986 (MN), 2020 WL 6384205 (D. Del. Oct. 30, 2020) ...................................12

*ChromaDex, Inc. v. Elysium Health, Inc.*,
  507 F. Supp. 3d 579 (D. Del. 2020), *as revised* (Dec. 17, 2020),
  *reconsideration denied*, No. 18-1434, 2021 WL 1648596 (D. Del. Apr. 27,
  2021) ..................................................................................................................................5

*Finjan, Inc. v. Rapid7, Inc.*,
  No. 18-1519, 2020 WL 5045186 (D. Del. Aug. 7, 2020) ..................................................9, 10

*Hawk Mountain LLC v. Mirra*,
  No. 13-2083, 2016 WL 690883 (D. Del. Feb. 19, 2016) ........................................................9

*Health Robotics, LLC v. Bennett*,
  No. 09-0627, 2009 WL 10687717 (E.D. Pa. Oct. 13, 2009) ...................................................7

*In re Bestwall LLC*,
  Case No. 21-141, 2021 WL 2209884 (D. Del. June 1, 2021)................................................10

*In re DG Acquisition Corp.*,
  151 F.3d 75 (2d Cir. 1998).......................................................................................................7

*In re Verifone, Inc.*,
  No. 18-80087, 2018 WL 3532761 (N.D. Cal. July 23, 2018) ...............................................10

*Intellectual Ventures I LLC v. Altera Corp.*,
  842 F. Supp. 2d 744 (D. Del. 2012).......................................................................................11

*Kerlin v. Howard*,
  No. 18-481, 2020 WL 263011 (M.D. Pa. Jan. 17, 2020)........................................................7

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
  925 F.3d 1225 (Fed. Cir. 2019)...............................................................................................5

*Middleton, Inc. v. Minnesota Min. & Mfg. Co.*,
  842 F. Supp. 2d 1133 (S.D. Iowa 2012), *aff'd*, 499 F. App'x 972 (Fed. Cir.
  2013) .......................................................................................................................................5

*Naviant Mktg. Sols., Inc. v. Larry Tucker, Inc.*,
    339 F.3d 180 (3d Cir. 2003) ............................................................................11

*New Atl. Venture Fund III, L.P. v. Vir2us, Inc.*,
    No. 15-162, 2016 WL 3583797 (D. Del. June 30, 2016) ...........................................8

*PHL Variable Ins. Co. v. Alan Wollman Ins. Tr.*,
    No. 08-0053, 2010 WL 2836388 (D. Del. July 16, 2010) ........................................7

*R.B. v. Hollibaugh*,
    No. 16-1075, 2017 WL 1196507 (M.D. Pa. Mar. 31, 2017) ....................................7

*Soto v. Castlerock Farming & Transp., Inc.*,
    282 F.R.D. 492 (E.D. Cal. 2012) .....................................................................8

*Taylor v. Sturgell*,
    553 U.S. 880 (2008) ...............................................................................6, 8

*Uniloc 2017 LLC v. Blackboard, Inc.*,
    No. 20-0665, 2021 WL 1236100 (D. Del. Jan. 28, 2021) ...................................5, 12

*Uniloc USA, Inc. v. Motorola Mobility, LLC*
    No. 17-1658, 2020 WL 7771219 (D. Del. Dec. 30, 2020) ...................................4, 5

*Wade v. City of Fruitland*,
    287 F.R.D. 638 (D. Idaho 2013) .....................................................................7

*WSOU Investments LLC v. Google LLC*,
    Case No. 20-571, Docket No. 61 (W.D. Tex. October 20, 2021)............................6

*WSOU Investments, LLC v. Netgear, Inc.*,
    Case Nos. 21-1117, 21-1119, 21-1120 (D. Delaware) ..........................................12

*WSOU Investments, LLC v. Xilinx, Inc.*,
    Case Nos, 20-1228, 20-1229, 20-1231, 20-1232, 20-1233 (D. Delaware)...............12

*ZapFraud, Inc. v. FireEye, Inc.*,
    No. CV 19-1688-CFC, 2020 WL 4336058 (D. Del. July 28, 2020)........................12

**Rules and Statutes**

Fed. R. Civ. P. 45(a)(4) ........................................................................................2

Fed. R. Civ. P. 45(f) ...........................................................................................10

L.R. 7.1.2(b) .......................................................................................................3

Rule 12(b)(1) ......................................................................................................12

Rule 26 ........................................................................................................................5

Rule 45 .....................................................................................................................4, 7

Rule 45(c)(2)(B) ..........................................................................................................6

## <u>INTRODUCTION</u>

This Court should grant Google's motions to compel production, and deny the motions to transfer to the Western District of Texas.  Google's subpoenas seek information that is essential to whether WSOU has standing in dozens of patent actions, including before this Court.  If Google's information and belief is correct, then documents responsive to the subpoenas will reveal that WSOU had no standing to bring many of these actions.  WSOU's attempts to stop this production at the last minute after BP Funding Trust had agreed to the production reinforce the importance of these documents, and the likelihood that they are probative of WSOU's lack of standing.

Respondents BP Funding Trust and Terrier try to avoid producing documents, but they cannot do so.  Respondents claim that the Western District of Texas has ruled on this issue in a "sealed hearing," to which Google was not a party.  Respondents claim that Google should first seek discovery from WSOU, but respondents also admit that they have documents that WSOU does not.  Respondents further ignore that they agreed previously to produce their relevant files. Respondents admit they waived their objections and thus cannot oppose the subpoena, but ask the Court to reward their decision to renege on their previous agreements.  The Court should not do so.

The Court should also deny the motion to transfer—which WSOU attempts to join improperly without filing the required motion for leave to intervene.  This Court has a strong interest in these matters: (1) ensuring that agreements including Delaware counsel remain enforceable; (2) both respondents are Delaware corporations; and (3) WSOU has multiple matters before this Court that will be impacted if WSOU lacks standing.  This Court should deny the motion to transfer and grant the motions to compel.

## BACKGROUND

**A.    Google Serves Subpoenas on BP Funding Trust and Terrier**

On September 8, 2021, Google LLC ("Google") served BP Funding Trust with document and deposition subpoenas.  *See* Case No. 21-0440, D.I. 1, Exs. 1-2.  On September 10, Google served Terrier SSC, LLC ("Terrier") with document and deposition subpoenas.  *See* Case No. 21-0419, D.I. 1, Exs. 1-2.  As required by Fed. R. Civ. P. 45(a)(4), Google gave WSOU notice of these subpoenas before serving them on BP Funding Trust and Terrier.

Google's subpoenas to both BP Funding Trust and Terrier request specific categories of documents and testimony relevant, in part, to their security interest in patents that WSOU Investments, LLC ("WSOU") has asserted against Google.  *See* Case No. 21-0440, D.I. 1, Exs. 1-2; Case No. 21-0419, D.I. 1, Exs. 1-2.  While public records show that BP Funding Trust and Terrier had a security agreement regarding WSOU's patents, the *substance* of that interest is not public.  That substance is relevant to the jurisdictional issue of WSOU's standing to bring claims of patent infringement:  if BP Funding Trust or Terrier had too many rights in the patents, WSOU could not bring suit on those patents, thus voiding any suits subject to that interest, including many in this district.

The deadline for compliance with all four subpoenas was September 22.  *See* Case No. 21-0440, D.I. 1, Exs. 1-2; Case No. 21-0419, D.I. 1, Exs. 1-2.  Neither respondent complied.

**B.    BP Funding Trust and Terrier Waive Their Objections to the Subpoenas; BP Funding Trust Executes a Detailed Written Agreement to Produce Documents**

Neither BP Funding Trust nor Terrier submitted timely objections to the subpoenas.  On October 1, two weeks after its objections were due, counsel for BP Funding Trust contacted Google, but again did not object to the subpoenas.  No. 21-0440, D.I. 1, Ex. 6.  Instead, BP Funding Trust and Google met and conferred, acknowledging this Court's enforcement power and

2

including Delaware counsel, and executed a written agreement for BP Funding Trust to produce, by Friday, October 15, specific documents responsive to Google's subpoenas and relevant to the security interest in WSOU's patents held first by BP Funding Trust and then by Terrier.  *See* Case No. 21-0440, D.I. 1, Exs. 7-10.  Terrier did not respond to the subpoenas Google served.

**C.      Google Commences Enforcement Against Terrier; BP Funding Trust and Terrier Reiterate Their Agreement to Produce Documents**

On October 7, Google filed its Motion to Compel Terrier in light of its non-response to the subpoena.  Case No. 21-0419, D.I. 1.  Under L.R. 7.1.2(b), Terrier's response to the motion fell due on October 21.  On Tuesday, October 12, counsel for BP Funding Trust and Terrier again wrote to Google to confirm and reconfirm that Terrier and BP Funding Trust would produce responsive documents.  Case No. 21-0440, D.I. 1., Ex. 10.  Counsel wrote that Terrier "would like to reach a reasonable agreement on the third-party discovery Google is seeking," and that "[w]e are on track to produce the BasePoint documents on Friday."  *Id.*

**D.      The Day Before BP Funding Trust's Document Production, WSOU Asserts "Prejudice," and BP Funding Trust Reneges on Its Agreement**

Weeks after Google gave WSOU notice of these subpoenas, and one day before BP Funding Trust had agreed in writing to produce substantial documents, WSOU wrote to Google, Terrier, and BP Funding Trust, stating vaguely that "Google's demands on them are improper," that "production of the documents will prejudice WSOU," without specifying how, and "that WSOU will be filing a motion for protective order with the WDTX."  Case No. 21-0440, D.I. 1, Ex. 11.  In response, BP Funding Trust reneged on its agreement with Google, negotiated by Delaware lawyers under this Court's enforcement power, and refused to produce any documents.  Case No. 21-0440, D.I. 1, Ex. 12.  Google asked WSOU to identify the prejudice it claimed to suffer from Google's subpoenas.  Ex. A.  WSOU did not reply.

**E.    Google Commences Enforcement Against BP Funding Trust; BP Funding Trust and Terrier Serve Untimely Responses and Objections to the Subpoenas**

On October 15, Google filed its Motion to Compel BP Funding Trust.  Case No. 21-0440, D.I. 1.  On October 18, this Court issued an order across both Google's action against Terrier, and its action against BP Funding Trust that the responsive briefs be due October 21.  *Id.,* D.I. 4.  On October 19, BP Funding Trust and Terrier purported to serve responses and objections to the subpoenas—*after* it had already agreed to produce the documents, *after* Google had commenced its enforcement actions in this Court, and *four weeks after* the Rule 45 deadline to respond.

**F.    WSOU and Google's October 21 Extension of Schedule in the Underlying Litigation**

On October, 21 2021, WSOU and Google stipulated to an extension of the case schedule in the underlying litigations.  Ex. B.  In pertinent part, the joint motion filed yesterday proposes moving the fact discovery deadline from October 22, 2021 to February 25, 2021.  *Id.*

## ARGUMENT

**I.    The Court Should Grant Google's Motions to Compel**

        **A.    Google Seeks Discovery Key to WSOU's Standing in This and Other Courts**

Respondents claim that Google's subpoenas do not seek relevant information.  Opp. at 7-9.  Not so:  Google's subpoenas go to the foundational issue of WSOU's standing to bring its claims.  Standing is by definition relevant to a party's claim or defense.  *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co*., No. 16-62610, 2017 WL 4871077, at *1 (S.D. Fla. Aug. 15, 2017) (discovery "aimed at a question of standing necessarily involves discovery aimed at the plaintiff's claim"; "standing is a threshold issue in any case that relates to a party's right to bring a claim").  Lender interests can defeat standing in patent litigation, and recently have under similar circumstances.  In *Uniloc USA, Inc. v. Motorola Mobility, LLC*, this Court held, based on lender

interests, "neither Uniloc Luxembourg nor Uniloc USA held exclusionary rights to the asserted patent on the date they filed this suit.  Accordingly, they lacked standing and this court lacks subject matter jurisdiction under Article III."  No. 17-1658, 2020 WL 7771219, at *8 (D. Del. Dec. 30, 2020).  WSOU knows these issues well, as it and Uniloc share common owners and litigation counsel.  Respondents argue that "the general rule is that the granting or [sic] a security interest or a lien on a patent does not affect a patent owner's standing or right to sue for infringement."  Opp. at 9.  The general rule is that a lien *on its own* does not divest a patentee of standing.  "This inquiry depends on the substance of what was granted rather than formalities or magic words."  *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1229 (Fed. Cir. 2019).  But, as in the *Uniloc* matters, these liens in this matter *do not stand on their own*:  they are made expressly pursuant to *other* agreements, which Google requests by its subpoenas.  For example, Section 4 of the publicly filed Patent Security Agreement between WSOU and BP Funding Trust provides that "[t]his Agreement is a Loan Document executed pursuant to the Loan Agreement and shall (unless otherwise expressly indicated herein) be construed, administered, and applied in accordance with the terms and provisions thereof."  Case No. 21-0440, D.I. 1, Ex. 5 at Reel 056526/Frame 0225. This Court has repeatedly considered and dismissed actions for lack of standing based on patentees' agreements with non-parties.  *Uniloc 2017 LLC v. Blackboard, Inc*., No. 20-0665, 2021 WL 1236100, at *1 (D. Del. Jan. 28, 2021); *ChromaDex, Inc. v. Elysium Health, Inc*., 507 F. Supp. 3d 579, 585 (D. Del. 2020), *as revised* (Dec. 17, 2020), *reconsideration denied*, No. 18-1434, 2021 WL 1648596 (D. Del. Apr. 27, 2021); *see also, e.g.*, *Middleton, Inc. v. Minnesota Min. & Mfg. Co*., 842 F. Supp. 2d 1133, 1143 (S.D. Iowa 2012), *aff'd*, 499 F. App'x 972 (Fed. Cir. 2013).  If the specifics of a loan agreement can and often do affect standing, documents regarding those specifics are clearly relevant and discoverable under Rule 26.

**B.    Respondents Cannot Rely on a "Sealed Hearing" That No Party to This Action Can Access**

Respondents claim that they can avoid document production in response to Google's subpoenas based on a "sealed ruling."  Opp. at 3-7.  Respondents lack firsthand knowledge of this "ruling"; instead they rely on a declaration from WSOU's counsel, which states only that the Western District of Texas denied various motions by Microsoft.  Opp. at 4 (citing D.I. 12 ¶¶ 3 & 5).[1]  Google has seen neither the transcript of any "sealed hearing" nor any briefing underlying that hearing as Google is not a party in that action, and no such briefing appears on the public docket of any of the cases involving Microsoft and WSOU before the Western District of Texas.

At most, the evidence shows that the alleged final ruling is an "agreed proposed order submitted by Microsoft and WSOU."  *WSOU Investments LLC v. Google LLC*, Case No. 20-571, Docket No. 61 (W.D. Tex. October 20, 2021).  Both WSOU and the respondents also fail to mention that the Western District has not entered this "agreed proposed order."  *See generally id.*  Accordingly, the Court should not give weight to the "agreed proposed order" that in no way involves Google.

**C.    Having Waived All Objections, Respondents Cannot Dispute the Subpoenas**

Respondents waived any objections to Google's subpoenas by failing to respond to the subpoenas until October 19, a month after their objections were due and after Google was forced to file motions to compel.  *See supra* Background, § E.  When a non-party receives service of a litigation subpoena, "Rule 45(c)(2)(B) does require the recipient of a subpoena to raise all

---

[1] Even if this "sealed ruling" were fully known, it would not bind Google or anyone other than the parties before the Court issuing it.  *See e.g., Taylor v. Sturgell*, 553 U.S. 880 (2008) ("[E]xtending the preclusive effect of a judgment to a nonparty runs up against the 'deep-rooted historic tradition that everyone should have his own day in court.'").

objections at once, rather than in staggered batches, so that discovery does not become a 'game.'"
*In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998).  As a result, a "'non-party's failure to
timely make objections to a Rule 45 subpoena *duces tecum* generally requires the court to find that
any objection . . . has been waived.'"  *R.B. v. Hollibaugh*, No. 16-1075, 2017 WL 1196507, at *2
(M.D. Pa. Mar. 31, 2017) (quoting *Wade v. City of Fruitland*, 287 F.R.D. 638, 641 (D. Idaho 2013)
(ellipses in original); *see also, e.g.*, *Kerlin v. Howard*, No. 18-481, 2020 WL 263011, at *2 (M.D.
Pa. Jan. 17, 2020); *PHL Variable Ins. Co. v. Alan Wollman Ins. Tr.,* No. 08-0053, 2010 WL
2836388, at *1 (D. Del. July 16, 2010); *Health Robotics, LLC v. Bennett,* No. 09-0627, 2009 WL
10687717, at *2 (E.D. Pa. Oct. 13, 2009) ("failure to timely object to the subpoenas requesting
documents resulted in waiver of any objections").

Respondents admit their waiver, Opp. at 12-13, but assert that their "failure to act timely
will not bar consideration of objections in unusual circumstances and for good cause shown."  Opp.
at 12.  Even if respondents correctly state the law in this district, they have shown neither "unusual
circumstances" nor "good cause."  Respondents claim that "there is 'good cause' because the
subpoena is 'overbroad on its face'"—but they do not explain why, and they cannot do so when
the subpoenas seek targeted information regarding the central issue of standing.  *See supra* § I.A.
Respondents' arguments are further refuted by the fact that BP Funding Trust previously promised
to produce documents in response to the very same subpoenas.  *See supra* §§ B, C.  Finally,
respondents claim that "there are also 'unusual circumstances' because counsel for the subpoenaed
parties was in contact prior to serving the objections or filing this opposition."  Opp. at 13.  This
argument simply asks that the Court reward respondents for first agreeing to produce documents
in response to the subpoenas, and then reneging on that agreement.  *See supra* §§ B, C, D.

**D.    Respondents Cannot Avoid Production Because There is Partial Overlap Between Documents WSOU Has and The Documents Respondents Agreed to Produce**

Respondents claim that they should not have to produce documents because Google can obtain those documents from WSOU. Opp. at 7.[2]  Before WSOU interjected itself and respondents reneged on their commitments, however, respondents had promised to produce documents that WSOU *does not have*, including (i) communications between BP Funding Trust and Terrier, and (ii) the agreement between BP Funding Trust and Terrier transferring the loan.  Respondents cannot avoid producing their documents because WSOU may have some of them.  Even where there is overlap, this district has compelled discovery from third parties where the parties to the underlying suit "dispute the relevancy of" the documents and the movant had "initially requested the information from [plaintiff] to no avail."  *New Atl. Venture Fund III, L.P. v. Vir2us, Inc.*, No. 15-162, 2016 WL 3583797, at *2-3 (D. Del. June 30, 2016).  The same is true here.

Finally, although respondents now allege burden, their allegations are unconvincing in light of their prior agreement to produce documents, *see supra* §§ B, C, and any burden would be greater if respondents must determine which documents overlap with WSOU's files and which do not.[3]  What's more, documents Google believes to be in the control and possession of plaintiff WSOU are only a subset of the documents Google's subpoenas seek from respondent.  For example,

---

[2] Oddly, respondents also argue that their "initial willingness to produce some of what Google was requesting was based on a mistaken assumption that Google had already sought and obtained this information from WSOU in party discovery." *Id.*

[3] Respondents cite *Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492 (E.D. Cal. 2012), but there the Court ordered the third party to produce thousands of pages of documents, finding that the information sought through subpoena was relevant and "there is no evidence that producing the electronic employment records maintained by [the third party] would pose any significant burden." *Id.* at 507.

Google seeks communications between BP Funding Trust and Terrier, which Google does not believe to be in WSOU's possession.

### E.   Respondents Fail to Claim a Cognizable Burden

Although respondents attempt to contort their facts into the standard "undue burden" analysis for third-party discovery, there is no undue burden here.  As described in Google's Motion, Mot. at 9, BP Funding Trust admitted that it *has already* conducted a reasonable search of its documents.  BP Funding Trust *had already identified* responsive documents, and prepared them for production.  It was not until the actual eve of production that BP Funding Trust withdrew its commitment to produce documents.  Similarly, Terrier reached out to Google to seek a "reasonable" agreement.  This Court disfavors retraction of agreements reached between counsel, which would "run contrary to the intended purpose of the meet and confer process."  *Hawk Mountain LLC v. Mirra*, No. 13-2083, 2016 WL 690883, at *3 (D. Del. Feb. 19, 2016).

### F.   Respondents Are Not Shielded From Producing Confidential Information

Respondents purport to resist discovery on the grounds that some of the information sought is "confidential and commercially sensitive."  Opp. at 11.  Courts consistently hold that a protective order sufficiently protects confidential information and this matter presents no unique circumstances to depart from those holdings.  *See e.g., Finjan, Inc. v. Rapid7, Inc*., No. 18-1519, 2020 WL 5045186, at *3 (D. Del. Aug. 7, 2020).  Similarly, this Court has held that a third party must produce relevant information about agreements concerning asserted patents, even if it is commercially sensitive, because a party to the agreement "should have foreseen when it entered into a patent acquisition and license agreement" that "documents concerning that agreement and [their] relationship with [plaintiff] could be requested and produced in future patent litigations, especially a litigation such as this one involving the very patents that are a subject of the

agreement." *Id*.  As in *Finjan*, respondents here "never should have expected this horse to stay in the barn." *Id.*

## II.    The Court Should Decline to Transfer These Actions

### A.    Whether to Transfer This Matter is in This Court's Sound Discretion

"When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances."  Fed. R. Civ. P. 45(f).  "According to the Advisory Committee Note, 'it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions.'"  *In re Bestwall LLC*, Case No. 21-141, 2021 WL 2209884, at *5 (D. Del. June 1, 2021) (citing Fed. R. Civ. P. 45(f), Advisory Committee Note (2013 amendments)). Rather, "Rule 45(f) expressly leaves the decision to transfer to the Court's discretion, even if exceptional circumstances exist."  *In re Verifone, Inc.*, No. 18-80087, 2018 WL 3532761, at *5 (N.D. Cal. July 23, 2018).

### B.    Again, Respondents Do Not Claim Any Burden

In deciding whether to grant a motion to transfer under Rule 45(f), the "Court's primary consideration is to avoid 'burdens on local nonparties subject to subpoenas.'"  *Bestwall*, 2021 WL 2209884, at *5 (citing Fed. R. Civ. P. 45(f), Advisory Committee Note (2013 amendments)). Keeping this case before this Court would cause no burden to either BP Funding Trust or Terrier— a point on which BP Funding Trust and Terrier agree.  Tellingly, *neither* respondent asserts *any* burden that would result from non-transfer.  *See generally,* Case No. 21-440, D.I. 10.  Instead, the "Omnibus Motion" simply states that respondents "request transfer to the WDTX."  *Id.* at 5-6. Last week, on the evening of Tuesday, October 12, counsel for BP Funding Trust and Terrier wrote to Google to state that Terrier "would like to reach a reasonable agreement on the third-party

discovery Google is seeking," and that "[w]e are on track to produce the BasePoint documents on Friday."  Case No. 21-440, D.I. 10, Ex. 10.  BP Funding Trust and Terrier were thus willing to remain before this Court, and willing to produce documents.  Last week, no burden existed for BP Funding Trust and Terrier to proceed before this Court.  And no such burden exists now.

### C.      This Court Has Strong Interests in Enforcing the Subpoenas

This Court has several strong interests in retaining jurisdiction to enforce the subpoenas. First, doing so will allow this Court to enforce the agreement negotiated between Google and BP Funding Trust.  Prior to WSOU's involvement[4] and BP Funding Trust reneging, BP Funding Trust and Google had reached a written agreement, following negotiations acknowledging this Court's enforcement power and including Delaware counsel, to produce significant documents responsive to Google's subpoenas and relevant to the security interest in WSOU's patents.  *See supra* § B. Agreements reached during counsel's meet-and-confer process are essential to orderly compliance with discovery obligations and the rules of this Court.  *Naviant Mktg. Sols., Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 182, 186 (3d Cir. 2003).  This Court should enforce the agreement between Google and BP Funding Trust.  However, by transferring the case as WSOU requests, the Court would give up its authority to do so.

Second, this Court has a strong interest in supervising the behavior of Delaware corporations, including BP Funding Trust and Terrier.  *See e.g., Intellectual Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744, 760 (D. Del. 2012) ("The public policy of Delaware encourages the use by Delaware corporations of Delaware as a forum for resolution of business disputes.");

---

[4] WSOU also improperly joined in and filed the Motion to Transfer on behalf of "WSOU Investments, LLC d/b/a Brazos Licensing and Development" and Terrier and BP Funding Trust. Mot. to Transfer at 1.  The ECF filing attorney is David Felice, who is counsel for WSOU in this Court (Case No. 21-440, D.I. 10), and the sole declaration in support is from Travis Richins, counsel who represents WSOU in Texas.  Case No. 21-440, D.I. 12.

*Arbor Glob. Strategies LLC v. Xilinx, Inc*., No. CV 19-1986 (MN), 2020 WL 6384205, at *6 (D. Del. Oct. 30, 2020); *ZapFraud, Inc. v. FireEye, Inc.*, No. CV 19-1688-CFC, 2020 WL 4336058, at *7 (D. Del. July 28, 2020).  In this matter, as respondents acknowledge, both BP Funding Trust and Terrier failed to respond or object to Google's subpoenas until *after* Google filed these actions, thus waiving any objection to them. *See supra,* Background, § D.  This Court should enforce these rulings on Delaware corporations BP Funding Trust and Terrier.

Third, this Court also supervises cases in which WSOU alleges infringement of patents covered by the same security interest about which Google seeks documents.  *See, e.g.*, *WSOU Investments, LLC v. Netgear, Inc.*, Case Nos. 21-1117, 21-1119, 21-1120 (D. Delaware); *WSOU Investments, LLC v. Xilinx, Inc.*, Case Nos, 20-1228, 20-1229, 20-1231, 20-1232, 20-1233 (D. Delaware).  If the loan documents deprive WSOU of standing under Rule 12(b)(1), then WSOU must dismiss cases against Google in Texas and its cases in Delaware as well.  This possibility is not merely hypothetical:  this was the precise outcome in the *Uniloc* cases, discussed above, when a similar nationwide litigation campaign, with Uniloc represented by WSOU's counsel here, collapsed after loan documents showed the plaintiff had no standing.

## <u>CONCLUSION</u>

For the reasons set forth above, the Court should deny the motion to transfer and grant Google's Motion to Compel.

Morris, Nichols, Arsht & Tunnell LLP

*/s/ Brian P. Egan*

OF COUNSEL:

Tharan Gregory Lanier
Jones Day
1755 Embarcadero Road
Palo Alto, CA  94303
(650) 739-3939

Matthew S. Warren
Jennifer A. Kash
Erika Warren
Francesca Miki Shima Germinario
Warren Lex LLP
2261 Market Street, Suite 606
San Francisco, CA  94114
(415) 895-2940

October 22, 2021

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Google LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 22, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 22, 2021, upon the following in the manner indicated:

Sean J. Bellew, Esquire                                      *VIA ELECTRONIC MAIL*
BELLEW LLC
2961 Centerville Road, Suite 302
Wilmington, DE  19808
*Attorneys for Terrier SSC, LLC and*
*BP Funding Trust*

Morgan E. Pietz, Esquire                                   *VIA ELECTRONIC MAIL*
PIETZ & SHAHRIARI LLP
9454 Wilshire Blvd., Suite 310
Beverly Hills, CA  90212
*Attorneys for Terrier SSC, LLC and*
*BP Funding Trust*

Robert M. Millimet, Esquire                              *VIA ELECTRONIC MAIL*
STANTON LLP
Comerica Bank Tower
1717 Main Street, Suite 3800
Dallas, TX  75201
*Attorneys for Terrier SSC, LLC and*
*BP Funding Trust*

David A. Felice, Esquire                                    *VIA ELECTRONIC MAIL*
BAILEY & GLASSER, LLP
Red Clay Center at Little Falls
2961 Centerville Road, Suite 302
Wilmington, DE  19808
*Attorneys for WSOU Investments, LLC d/b/a*
*Brazos Licensing and Development*

Jim Etheridge, Esquire                                                    *VIA ELECTRONIC MAIL*
Brett Mangrum, Esquire
Brian Koide, Esquire
Jeffrey Huang, Esquire
Ryan Loveless, Esquire
Travis Richins, Esquire
ETHERIDGE LAW GROUP, PLLC
2600 East Southlake Blvd., Suite 120-324
Southlake, TX  76092
*Attorneys for WSOU Investments, LLC d/b/a*
*Brazos Licensing and Development*


                                        */s/ Brian P. Egan*
                                        _____
                                        Brian P. Egan (#6227)